**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-cv-01451-REB-CBS
(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS, 01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 01-cv-02083-REB-CBS, 02-cv-00333-REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS, 02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS, 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

[This order applies to Stichting Pensioenfonds ABP v. Qwest, et al, Case No. 04-cv-00238-REB-CBS]

---

**ORDER CONCERNING DEFENDANT NACCHIO'S MOTION TO DISMISS
RE: COMPLAINT OF PLAINTIFF STICHTING PENSIOENFONDS ABP**

**Blackburn, J**

This matter is before me on defendant Joseph Nacchio's Motion to Dismiss the First Amended Complaint [#220], filed September 10, 2004.  The motion to dismiss addresses claims asserted in the First Amended Complaint filed by plaintiff Stichting Pensioenfonds ABP (ABP) in case number 04-cv-00238-REB-CBS.  That case has been consolidated with the above-captioned case, case number 01-cv-01451-REB-CBS, titled *In re Qwest Communications International, Inc. Securities Litigation*.  The matter is fully briefed, and I conclude that the motion should be granted in part and denied in part.

In an order entered in this case on September 12, 2005, I noted references to Nacchio's motion to dismiss by other parties.  I noted also that the court's docket did not reflect the filing of a motion to dismiss by Nacchio.  Nacchio immediately filed a

notice [#806], on September 13, 2005, asserting his filing of a motion to dismiss on September 10, 2004.  Further investigation revealed that Nacchio had filed a motion to dismiss on September 10, 2004, but that the motion had not been docketed properly by the court.  That error now has been corrected, and Nacchio's motion to dismiss now is reflected on the court's docket as having been filed on September 10, 2004.  The plaintiffs have filed a response, and Nacchio has filed a reply.

The issues raised by Nacchio in his motion to dismiss have been raised by other defendants in this consolidated case, and those issues previously have been resolved by the court.  I briefly discuss the issues raised by Nacchio below, with reference to particular orders I previously have issued in which the same issues are discussed and resolved.  In resolving the issues raised by Nacchio, I adopt and apply the statement of jurisdiction, and the standards of review outlined in my September 12, 2005, order in this case.  FED. R. CIV. P. 9 and 12(b)(6), and the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b)(1) and (2).  The factual allegations relevant to Nacchio's motion also are outlined in my September 12, 2005, order.

## I. § 304 OF THE SARBANES OXLEY ACT

ABP asserts a claim against Nacchio under subsection (a) of § 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243.  This statute provides,

> (a) Additional compensation prior to noncompliance with Commission financial reporting requirements
>
> If an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws, the chief executive officer and chief financial officer of the issuer shall reimburse the issuer for--

2

> (1) any bonus or other incentive-based or equity-based compensation received by that person from the issuer during the 12-month period following the first public issuance or filing with the Commission (whichever first occurs) of the financial document embodying such financial reporting requirement; and
>
> (2) any profits realized from the sale of securities of the issuer during that 12-month period.

15 U.S.C.A. § 7243(a).

Nacchio argues that ABP does not have standing to assert a claim under § 304 because the statute provides only for reimbursement to the issuer which, in this case, is Qwest. I agree. ABP is not entitled to the reimbursement required by the statute, and ABP is not asserting derivative claims on behalf of Qwest. Because ABP is not entitled to the relief authorized by the statute, I conclude that ABP does not have standing to assert a claim against Nacchio under § 304. This claim should be dismissed as to Nacchio.

## II.  SECTION 10(b) & GROUP PUBLICATION

Nacchio argues that the group publication doctrine cannot be used as a basis to impute responsibility for particular statements to Nacchio as part of a claim under § 10(b). Nacchio argues that the group publication doctrine no longer is valid after the passage of the PSLRA. In my January 13, 2004, order in *In re Qwest*, I concluded that the allegations in the lead plaintiffs' complaint were sufficient to bring Nacchio within the group publication doctrine. I reiterated this analysis in my September 12, 2005, order in this case, which also concerned claims asserted by ABP. For the same reasons, ABP's allegations are sufficient to bring Nacchio within the group publication doctrine. Nacchio's motion to dismiss ABP's § 10(b) claim should be denied.

3

### III.  STATE LAW CLAIMS

#### A.  Common Law Fraud

Nacchio argues that ABP's allegations do not support a common law fraud claim because they do not satisfy the specificity requirement of FED. R. CIV. P. 9(b). Specifically, Nacchio argues that ABP has not pled actual reliance with adequate specificity.  Nacchio argues that ABP has made only "boilerplate" reliance allegations, as opposed to specific reliance allegations.  *Nacchio motion to dismiss*, p. 9.  I find that ABP's reliance allegations are adequately specific to support a common law fraud claim.  ABP outlines the specific statements on which it relied in making purchases of Qwest stock.  *Complaint*, ¶¶ 9-10, 754-760.  These reliance allegations are sufficiently specific to support ABP's common law fraud claim.

#### B.  Civil Conspiracy

Nacchio argues that ABP's civil conspiracy claim must be dismissed because the Complaint does not include sufficient factual allegations indicating that the defendants entered into an agreement to accomplish an unlawful purpose.  There are five elements required to establish a civil conspiracy in Colorado.  [T]here must be: (1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.  **Jet Courier Service, Inc. v. Mulei**, 771 P.2d 486, 502 (Colo.1989).  An agreement "may be implied by a course of conduct and other circumstantial evidence. . . .  There must be some indicia of agreement in an unlawful means or end."  **Schneider v. Midtown Motor Co.**,

854 P.2d 1322, 1326-27 (quoting *Martinez v. Winner*, 548 F. Supp. 278 (D. Colo. 1982)).

ABP alleges that "Qwest and the Individual Defendants [including Nacchio] on the one hand, and Andersen Defendants and/or the Citigroup Defendants, on the other hand, engaged in a conspiracy the object of which was to misrepresent Qwest's true financial condition." ¶ 843.  I find that the Complaint adequately alleges actions by the defendants that are sufficient to support an inference that the defendants agreed to undertake the alleged conspiracy.  The plaintiff adequately has alleged a variety of unlawful acts taken by various defendants in the course of this effort, and it has alleged that the misrepresentation of Qwest's finances to the public caused it harm.  This is sufficient to state a claim for civil conspiracy under Colorado law.

### ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1) That defendant Joseph Nacchio's Motion to Dismiss the First Amended Complaint [#220], filed September 10, 2004, is **GRANTED** as to the plaintiff's claim under § 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243; and

2) That defendant Joseph Nacchio's Motion to Dismiss the First Amended Complaint [#220], filed September 10, 2004, otherwise is **DENIED**.

Dated September 23, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

5