**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  01-cv-01451-REB-CBS
(Consolidated with Civil Action Nos. 01-cv-01472-REB-CBS, 01-cv-01527-REB-CBS,
01-cv-01616-REB-CBS, 01-cv-01799-REB-CBS, 01-cv-01930-REB-CBS, 02-cv-00333-
REB-CBS, 02-cv-00374-REB-CBS, 02-cv-00507-REB-CBS, 02-cv-00658-REB-CBS,
02-cv-00755-REB-CBS; 02-cv-00798-REB-CBS; and 04-cv-00238-REB-CBS)

In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION

---

**ORDER CONCERNING CONSOLIDATION, STAY, & ADMINISTRATIVE CLOSURE**

---

**Blackburn, J.**

This matter is before me on my own motion.  Concurrently with this order, I have

issued an order approving a partial settlement between the plaintiff class, which has

been certified as a class for the purposes of the partial settlement only, and all but two

of the defendants in this case.  The settlement is partial because it does not include the

two non-settling defendants, Robert Woodruff and Joseph Nacchio.  With regard to the

claims against Woodruff and Nacchio, the lead plaintiffs continue to seek certification

of a plaintiff class, but no such class yet has been certified.  With my approval of the

partial settlement, the only remaining claims asserted by the putative plaintiff class in

these consolidated cases are the claims against Woodruff and Nacchio.

Only one of the named plaintiffs in these consolidated cases has opted out of

the settlement class.  That plaintiff, Stichting Pensioenfonds ABP, is the named plaintiff

in ***Stichting Pensioenfonds ABP v. Qwest Communications, et al.***, Case No. 04-cv-

00238 (D. Colo.).  Nine hundred seventy other members of the settlement class also

have opted out of the class, but none of these opt out plaintiffs is a named plaintiff in any of these consolidated cases.  To the extent the plaintiffs wish to pursue their claims against the settling defendants, they must pursue those claims via some means other than as a member of the settlement class.  With the partial settlement, and Stichting's opt out, the Stichting case, Case No. 04-cv-00238, now is in a substantially different posture than these consolidated cases because the Stichting case remains pending against all defendants, not just Woodruff and Nacchio.  As a result, I conclude that the consolidation of the Stichting case, Case No. 04-cv-00238, with this case should be terminated.

One of the two non-settling defendants, Joseph Nacchio, has been indicted on criminal charges that currently are pending before United States District Judge Edward W. Nottingham.  ***USA v. Nacchio***, Case No. 05-cr-00545 (D. Colo.).  Trial in that case currently is set to begin on Monday, March 19, 2007, and is scheduled to continue for 30 days.  *Id.*, courtroom minutes [#149], filed August 25, 2006, p. 4.  Meanwhile, pretrial proceedings in these consolidated cases appear to be complete.  The discovery deadline in these consolidated cases passed on October 28, 2005, although certain elements of discovery continued until February, 2006.  *Scheduling Order* [#529], filed July 18, 2005, as modified by orders docketed as [#753] and [#863].  The dispositive motions deadline expired on December 9, 2006.  *Scheduling Order* [#529], filed July 18, 2005.  As a practical matter, the prosecution of the putative plaintiff class's claims against Woodruff and Nacchio is and should be suspended pending the resolution of the criminal case against Nacchio.  That resolution likely will not be achieved until April,

2

2007, at the soonest.  In the meantime, nothing of consequence to the putative plaintiff class's claims in this case can be accomplished by the court.

Considering these circumstances, I conclude that these consolidated cases, with the exception of the Stichting case, Case No. 04-cv-00238, should be stayed and closed administratively pending the resolution of *USA v. Nacchio*, Case No. 05-cr-00545.  By this order, I direct that these cases be stayed and closed administratively. Any party may seek to lift the stay and administrative closure on a showing that the criminal charges against Nacchio have been resolved, or on a showing of other good cause.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the consolidation of *Stichting Pensioenfonds ABP v. Qwest Communications, et al.*, Case No. 04-cv-00238 (D. Colo.), is **TERMINATED**;

2.  That proceedings in Case No. 04-cv-00238 shall proceed independently of this consolidated action;

3.  That the caption in this consolidated case is **AMENDED** by the removal of Case No. 04-cv-00238 from the caption;

4.  That this consolidated action is **STAYED** pending the resolution of the criminal charges against defendant Nacchio in *USA v. Nacchio*, Case No. 05-cr-00545 (D. Colo.);

5.  That under **D.C.Colo.LCivR 41.2** this consolidated action is **CLOSED ADMINISTRATIVELY** pending the resolution of the criminal charges against defendant Nacchio in *USA v. Nacchio*, Case No. 05-cr-00545 (D. Colo.); and

6.  That any party may seek to lift the stay and administrative closure on a showing that the criminal charges against Nacchio have been resolved, or on a showing of other good cause.

Dated September 28, 2006, at Denver, Colorado.

**BY THE COURT:**

<u>**s/ Robert E. Blackburn**</u>
**Robert E. Blackburn**
**United States District Judge**