**IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 04-cv-00238-REB-CBS

STICHTING PENSIOENFONDS ABP,

                Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., et al.,

                Defendants.

---

## DEFENDANT ROBERT WOODRUFF'S
## ANSWER TO THE FIRST AMENDED COMPLAINT

---

Defendant Robert Woodruff ("Woodruff") responds to the First Amended Complaint (the "Complaint"), by his undersigned attorneys as follows.

### PRELIMINARY STATEMENT

Woodruff objects to the Complaint to the extent that it alleges purported facts and events that occurred after his March 2, 2001 departure from Qwest Communications International, Inc. ("Qwest" or "the Company"), or references documents prepared or filed by Qwest after that date. To the extent any response by Woodruff to such allegations is required, Woodruff states that he lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them. Unless otherwise expressly stated herein, Woodruff's answers relate to the time prior to and including March 2, 2001.

In addition, the Complaint consists of allegations, which are often vague and ambiguous, and lack sufficient clarity to permit a response. The Complaint also references and quotes from numerous documents that constitute inadmissible hearsay and do not offer competent

NYA 755855.7

evidence of any of the purported statements of fact they may contain, and Woodruff objects to those allegations on that basis. Otherwise, Woodruff denies all of the allegations contained in the Complaint, including those made in the opening statement and the various headings, unless expressly admitted herein.

## ANSWER

1.      To the extent these allegations refer to the period of time on or before Woodruff's departure from the Company on March 2, 2001, Woodruff denies the allegations in paragraph 1. Otherwise, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1.

2.      No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 2, and therefore denies them.

3.      No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 3, and therefore denies them.

4.      To the extent these allegations are directed at him, Woodruff denies the allegations in paragraph 4. Otherwise, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 4, and therefore denies them.

5.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 5, and therefore denies them.

6.     To the extent these allegations are directed at him, Woodruff denies the allegations in paragraph 6.  Otherwise, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6, and therefore denies them.

7.     Woodruff denies the allegations in paragraph 7.

8.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8, and therefore denies them.

9.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9, and therefore denies them.

10.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 10, and therefore denies them.

11.     Woodruff admits the allegations in paragraph 11.

12.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 12, and therefore denies them.

13.     Woodruff admits that, at certain times in the past, Qwest provided communications, data, multimedia, and internet-based services on a national and international basis and wireless services, local telecommunications and related services, and directory services in a 14-state local service area.  Woodruff lacks sufficient information or knowledge to admit or deny the allegations to the extent that they purport to describe Qwest's current business, and therefore denies them. Except as specifically admitted above, Woodruff denies the allegations in paragraph 13.

NYA 755855.7

14.     Woodruff admits that Qwest was founded by Philip Anschutz.   Woodruff lacks sufficient information and knowledge to admit or deny the remaining allegations in paragraph 14, and therefore denies them.

15.     Woodruff admits that Qwest merged with U.S. West on June 30, 2000, and that the merger was accounted for as a reverse acquisition under the purchase method of accounting. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 15, and therefore denies them.

16.     Woodruff admits that Anschutz was a member of the Qwest board, that Anschutz formerly served as a co-chairman of the Qwest Board of Directors, and that Anschutz was Qwest's founder.  Woodruff admits that the Anschutz Company sold shares of Qwest common stock to Bell South in May 1999.   To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to each in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 16, and therefore denies them.

17.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 17, and therefore denies them.

18.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 because he retired on March 2, 2001, and therefore denies them.

19.     Woodruff admits that Craig D. Slater served on Qwest's Board of Directors during the time Woodruff was employed by Qwest.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 19, and therefore denies them.

20.     Woodruff admits that Defendant Jordan Haines served on Qwest's Board of Directors during the time that Woodruff was employed by Qwest, and that he was a member of the Board's Audit Committee during 2000 and 2001.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 20, and therefore denies them.

21.     Woodruff admits that Defendant Thomas Stephens served as a member of Qwest's Board of Directors and as Chairman of the Board's Audit Committee during 2000 and 2001. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 21, and therefore denies them.

22.     Woodruff admits that Defendant Linda Alvarado served as a member of Qwest's Board of Directors and a member of the Board's Audit Committee during 2000 and 2001. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 22, and therefore denies them.

23.     Woodruff admits that Defendant Peter Hellman served as a member of Qwest's Board of Directors and a member of the Board's Audit Committee during 2000 and 2001. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 23, and therefore denies them.

24.     Woodruff admits that Defendant Joseph P. Nacchio served as Qwest's President and Chief Executive Officer from January 1997 to February 1999 and the Chief Executive Officer and Co-Chairman from February 1999 through the remaining time Woodruff was employed by Qwest. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 24, and therefore denies them.

NYA 755855.7

25.     Woodruff admits that Defendant Afshin Mohebbi became the President and Chief Operating Officer of Qwest in or about May 1999, a position that he continued to hold until June 2000.  Woodruff admits that Mr. Mohebbi served as Qwest's President of Worldwide Network Services and Operations from June 2000 through the remaining time that Woodruff was employed by Qwest.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 25, and therefore denies them.

26.     Woodruff admits that Defendant Robin R. Szeliga served as Qwest's Vice President of Finance from August 1998 to October 1999 and as Senior Vice President of Finance from October 1999 to March 2001.  Woodruff admits that he served as CFO prior to Szeliga, but denies that his departure from Qwest was "abrupt."  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 26, and therefore denies them.

27.     Woodruff admits that he served as Chief Financial Officer from August 1994 until March 2, 2001.  Woodruff denies that his departure from Qwest was "abrupt."  Woodruff denies the remaining allegations in paragraph 27.

28.     Woodruff admits that Defendant Drake S. Tempest served as Qwest's Executive Vice President, General Counsel, and Corporate Secretary from about October 1998, and Chief Administrative Officer from about June 2000, through the remaining time that Woodruff was employed by Qwest.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 28, and therefore denies them.

29.     Woodruff admits that Defendant James A. Smith served as Qwest's Executive Vice President for Small Business and Consumer Markets from January 2001 through the remaining time

NYA 755855.7

that Woodruff was employed by Qwest. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 29, and therefore denies them.

30. Woodruff admits that Defendant Gregory Casey served as Executive Vice President of Wholesale Markets. Woodruff further admits that, for some time while he was employed by Qwest, Mr. Casey reported to Mr. Mohebbi. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 30, and therefore denies them.

31. No response to paragraph 31 is required.

32. Insofar as the allegations in paragraph 32 are directed at him, Woodruff admits that at times during his employment he had access to certain non-public information about Qwest's business. Insofar as the allegations in paragraph 32 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them. Except as expressly admitted, Woodruff denies the remaining allegations in paragraph 32.

33. The first sentence of paragraph 33 states a legal conclusion as to which no response is necessary. To the extent that a response is required, Woodruff denies the allegations in the first sentence of paragraph 33. With respect to the second sentence of paragraph 33, Woodruff hereby incorporates his response to paragraph 32.

34. Insofar as the allegations in paragraph 34 are directed at him, Woodruff denies them. Insofar as the allegations in paragraph 34 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

35. Paragraph 35 states legal conclusions as to which no response is necessary. To the extent that a response is required, Woodruff denies the allegations in paragraph 35 insofar as they

are directed at him.  Insofar as the allegations in paragraph 35 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

36.    Paragraph 36 states legal conclusions to which no response is necessary.  To the extent that a response is required, Woodruff admits that he was provided copies of certain Qwest documents shortly before or after their public disclosure or filing.  Insofar as the remaining allegations in paragraph 36 are directed at him, Woodruff denies them.  Insofar as the allegations in paragraph 36 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

37.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 37, and therefore denies them. Woodruff admits that Qwest retained Arthur Andersen to provide independent accounting services, and tax and consulting services. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 37, and therefore denies them.

38.    Woodruff admits that Arthur Andersen audited Qwest's financial statements for the years 1999 and 2000 and offered unqualified opinions that were included in Qwest's public filings. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 38, and therefore denies them.

39.    Woodruff denies the allegations in the first and fifth sentences of paragraph 39. Woodruff admits that Arthur Andersen audited Qwest's financial statements for the years 1999 and 2000 and offered unqualified opinions that were included in Qwest's public filings. Woodruff lacks

NYA 755855.7

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 39, and therefore denies them.

40.     Woodruff admits that Mark Iwan was a partner at Arthur Andersen and that Mr. Iwan worked with Qwest. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 40, and therefore denies them.

41.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 41, and therefore denies them.

42.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 42, and therefore denies them.  The remaining allegations in paragraph 42 purport to characterize the contents of various provisions of the United States Code.  Those statutory provisions speak for themselves, and Woodruff respectfully refers the Court to the statutory language in its entirety for its content and context.

43.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 43, and therefore denies them.

44.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 44, and therefore denies them.

45.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 45, and therefore denies them.

46.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 46, and therefore denies them.

NYA 755855.7

47.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 47, and therefore denies them.

48.     No response to this paragraph is required.

49.     Woodruff admits the allegations in paragraph 49.

50.     Woodruff admits that Plaintiff purports to allege claims under section 10(b), section 18, and section 20(a) of the Securities and Exchange Act, and SEC Rule 10b-5.  Woodruff denies the remaining allegations in paragraph 50.

51.     Woodruff admits the allegations in paragraph 51.

52.     Woodruff denies the allegations in paragraph 52.

53.     Woodruff adopts and incorporates Qwest's Answer to paragraph 53 filed on June 14, 2005.

54.     Woodruff admits that SSB was one of several underwriters for Qwest's initial public offering.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 54, and therefore denies them.

55.     Woodruff adopts and incorporates Qwest's Answer to paragraph 55.

56.     Woodruff adopts and incorporates Qwest's Answer to paragraph 56.

57.     Woodruff denies the allegations in paragraph 57.

58.     Woodruff denies the allegations in paragraph 58.

NYA 755855.7

59.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 59, and therefore denies them.

60.     Woodruff denies the allegations in the first sentence of paragraph 60.  The second sentence of paragraph 60 purports to characterize Qwest's 1999 Annual Report.  That publicly-filed document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  To the extent that any additional response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 60, and therefore denies them.

61.     Paragraph 61 purports to characterize a publicly-filed document.  That public document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  To the extent that any additional response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 61, and therefore denies them.

62.     Paragraph 62 purports to quote from Qwest's 2000 Annual Report.  That publicly-filed document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  To the extent that any additional response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 62, and therefore denies them.

63.     Woodruff adopts and incorporates Qwest's Answer to paragraph 63.

64.     Paragraph 64 purports to characterize Qwest's 1999, 2000, and 2001 Annual Reports.  Those publicly-filed documents speak for themselves, and Woodruff respectfully refers

NYA 755855.7

the Court to the documents in their entirety for their content and context.  To the extent that any additional response is necessary, Woodruff denies the remaining allegations in paragraph 64.

65.     Woodruff adopts and incorporates Qwest's Answer to paragraph 65.

66.     Woodruff denies the allegations in the first sentence of paragraph 66.  Woodruff admits that Fortune Magazine published an article in which Qwest was discussed.  That article speaks for itself, and Woodruff respectfully refers the Court to the article in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 66, and therefore denies them.

67.     Woodruff adopts and incorporates Qwest's Answer to paragraph 67.

68.     Woodruff lacks sufficient information or information to admit or deny the allegations in paragraph 68, and therefore denies them.

69.     Woodruff lacks sufficient information or information to admit or deny the allegations in paragraph 69, and therefore denies them.

70.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 70, and therefore denies them.

71.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 71, and therefore denies them.

72.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 72 because he retired from Qwest on March 2, 2001, and therefore denies them.

73.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 73 because he retired from Qwest on March 2, 2001, and therefore denies them.

74.     Woodruff denies the allegations in paragraph 74.

75.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 75 because he retired from Qwest on March 2, 2001, and therefore denies them.

76.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 76 because he retired from Qwest on March 2, 2001, and therefore denies them.

77.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 77 because he retired from Qwest on March 2, 2001, and therefore denies them.

78.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 78 because he retired from Qwest on March 2, 2001, and therefore denies them.

79.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 79 because he retired from Qwest on March 2, 2001, and therefore denies them.

80.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 80 because he retired from Qwest on March 2, 2001, and therefore denies them.

81.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 81 because he retired from Qwest on March 2, 2001, and therefore denies them.

82.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 82 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

83.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 83 because he retired from Qwest on March 2, 2001, and therefore denies them.

84.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 84 because he retired from Qwest on March 2, 2001, and therefore denies them.

85.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 85 because he retired from Qwest on March 2, 2001, and therefore denies them.

86.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 86 because he retired from Qwest on March 2, 2001, and therefore denies them.

87.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 87 because he retired from Qwest on March 2, 2001, and therefore denies them.

88.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 88 because he retired from Qwest on March 2, 2001, and therefore denies them.

89.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 89 because he retired from Qwest on March 2, 2001, and therefore denies them.

90.      Woodruff denies the allegations in paragraph 90.

91.      Woodruff denies the allegations in paragraph 91.

92.      Woodruff denies the allegations in paragraph 92.

NYA 755855.7

93.     To the extent these allegations reference a publicly-filed document, the document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff denies the remaining allegations in paragraph 93.

94.     To the extent the allegations in paragraph 94 purport to relate to Woodruff, he denies them.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 94, and therefore denies them.

95.     Woodruff denies the allegations in paragraph 95.

96.     Woodruff denies the allegations in paragraph 96.

97.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 97, and therefore denies them.

98.     To the extent the allegations in paragraph 98 are directed at Woodruff, he denies them.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations, and therefore denies them.

99.     To the extent the allegations in paragraph 99 are directed at Woodruff, he denies them.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 99, and therefore denies them.

100.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 100 because he retired from Qwest on March 2, 2001, and therefore denies them.

101.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 101 because he retired from Qwest on March 2, 2001, and therefore denies them.

102.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 102, and therefore denies them.

103.     To the extent the allegations in paragraph 103 are directed at Woodruff, he denies them.  Insofar as the allegations in paragraph 103 are directed at Defendants other than Woodruff, he lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

104.     To the extent the allegations in paragraph 104 are directed at Woodruff, he denies them.  Insofar as the allegations in paragraph 104 are directed at Defendants other than Woodruff, he lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

105.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 105 because he retired from Qwest on March 2, 2001, and therefore denies them.

106.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 106 because he retired from Qwest on March 2, 2001, and therefore denies them.

### 2.  Andersen's Role in Qwest's Fraud

107.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff notes that the Supreme Court overturned the Arthur Andersen conviction referenced in paragraph 107.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 107, and therefore denies them.

NYA 755855.7

108.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 108, and therefore denies them.

109.     Woodruff denies the allegations in the first sentence of paragraph 109.  The second sentence purports to characterize GAAP standards.  Those standards speak for themselves, and Woodruff respectfully refers the Court to the GAAP standards in their entirety for their content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations contained in the second sentence of paragraph 109, and therefore denies them.

110.     To the extent that Plaintiff purports to quote from documents in the allegations in paragraph 110, Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff denies the allegations in the first sentence of paragraph 110. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 110, and therefore denies them.

111.     To the extent that Plaintiff purports to quote from documents in the allegations in paragraph 111, Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 111, and therefore denies them.

112.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 112 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

113.     To the extent a response is required, the allegations are vague and ambiguous and Woodruff denies them on that basis and respectfully refers the Court to the complete set of GAAP provisions for their content and requirements.

114.     Paragraph 114 purports to quote from a section of the Code of Federal Regulations and to describe standards articulated by the American Institute of Certified Public Accountants ("AICPA").  Rule 4-01 of SEC Regulation S-X speaks for itself, and Woodruff respectfully refers the Court to the rule in its entirety for its content and context.  Any standards promulgated by the AICPA also speak for themselves, and Woodruff respectfully refers the Court to those standards for their content and context. To the extent that an additional response is required, the allegations are vague and ambiguous and Woodruff denies them on that basis.

115.     Woodruff denies the allegations in paragraph 115.

116.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 116 because he retired from Qwest on March 2, 2001, and therefore denies them.

117.     Woodruff adopts and incorporates Qwest's Answer to paragraph 117.

118.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 118, and therefore denies them.

119.     Woodruff denies the allegations in paragraph 119.

120.     Woodruff denies the allegations in the first sentence of paragraph 120.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 120, and therefore denies them.

NYA 755855.7

121.    Woodruff admits that on May 12, 2003, Fortune Magazine published an article in which the Company is discussed.  That article speaks for itself, and Woodruff respectfully refers the Court to the article in its entirety for its content and context.  Except as specifically admitted above, Woodruff denies the allegations in paragraph 121.

122.    Woodruff denies the allegations in paragraph 122.

123.    Woodruff denies the allegations in the first two sentence of paragraph 123.  Woodruff admits that the term "dark fiber" may refer to fiber optic cable that has been laid but that requires the attachment of electronics to be "lit," but denies that the description is necessarily complete.

124.    Woodruff denies the allegations in the first sentence of paragraph 124.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 124 because he retired from Qwest on March 2, 2001, and therefore denies them.

125.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 125 because he retired from Qwest on March 2, 2001, and therefore denies them.

126.    The allegations in paragraph 126 are vague and ambiguous and, accordingly, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

127.    Woodruff admits that an Indefeasible Right of Use ("IRU") is the exclusive right to use a specified amount of capacity or fiber for a specified period of time.  The allegations in the second sentence of paragraph 127 are vague and ambiguous and, accordingly, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

NYA 755855.7

128.    Paragraph 128 purports to characterize FASB Statement No. 13.  That statement speaks for itself, and Woodruff respectfully refers the Court to the FASB statement in its entirety for its content and context.  Plaintiff makes broad and incomplete allegations regarding the requirements under GAAP and FASB Statement No. 13, and Woodruff therefore denies them.

129.    Paragraph 129 purports to characterize FASB Statement No. 13.  That statement speaks for itself, and Woodruff respectfully refers the Court to the FASB statement in its entirety for its content and context.  Plaintiff makes broad and incomplete allegations regarding the requirements under GAAP and FASB Statement No. 13, and Woodruff therefore denies them.

130.    Paragraph 130 purports to characterize FASB Statement No. 66. That statement speaks for itself, and Woodruff respectfully refers the Court to the FASB statement in its entirety for its content and context.  Plaintiff makes broad and incomplete allegations regarding the requirements under FASB Statement No. 66, and Woodruff therefore denies them.

131.    Paragraph 131 purports to characterize FASB Statement No. 98 and SFAS No. 13. Those statements speak for themselves, and Woodruff respectfully refers the Court to the FASB and SFAS in their entirety for their content and context.  Plaintiff makes broad and incomplete allegations regarding the requirements under FASB Statement No. 98 and SFAS No. 13, and Woodruff therefore denies them.

132.    Woodruff denies the allegations in paragraph 132.

133.    Paragraph 133 purports to characterize GAAP, SFAS requirements and FASB Statement No. 13.  Those provisions speak for themselves, and Woodruff respectfully refers the Court to the provisions in their entirety for their content and context.  Plaintiff makes broad and

NYA 755855.7

incomplete allegations regarding the requirements under GAAP, SFAS and FASB Statement No. 13, and Woodruff therefore denies them.

134.    Insofar as the allegations in paragraph 134 are directed towards Qwest, Woodruff denies them.  Insofar as the allegations in paragraph 134 are directed at telecommunications companies other than Qwest, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

135.    Woodruff denies the allegations in paragraph 135.

136.    Woodruff denies the allegations in paragraph 136.

137.    Woodruff denies the allegations in paragraph 137.

138.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 138, and therefore denies them.

139.    The allegations in paragraph 139 purport to characterize FASB Interpretation No. 43. That FASB document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Plaintiff makes broad and incomplete allegations, and Woodruff therefore denies them.

140.    The allegations in paragraph 140 purport to characterize FASB Interpretation No. 43. That FASB document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Plaintiff makes broad and incomplete allegations, and Woodruff therefore denies them.

NYA 755855.7

141.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 141, and therefore denies them.

142.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 142, and therefore denies them.

143.    Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 143 because he retired from Qwest on March 2, 2001, and therefore denies them.

144.    Woodruff denies the allegations in paragraph 144.

145.    Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 145 because he retired from Qwest on March 2, 2001, and therefore denies them.

146.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 146 because he retired from Qwest on March 2, 2001, and therefore denies them.

147.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 147, and therefore denies them.

148.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 148 because he retired from Qwest on March 2, 2001, and therefore denies them.

149.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 149 because he retired from Qwest on March 2, 2001, and therefore denies them.

150.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 150 because he retired from Qwest on March 2, 2001, and therefore denies them.

151.    Woodruff denies the allegations in paragraph 151.

152.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the first two sentences of paragraph 152, and therefore denies them.  Woodruff admits that Qwest acquired IRUs from other telecommunications carriers.  Woodruff denies the remaining allegations in paragraph 152.

153.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 153, and therefore denies them.

154.    Paragraph 154 purports to characterize APB Opinion No. 29.  That opinion speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Plaintiff makes broad and incomplete allegations regarding the requirements under GAAP and Woodruff therefore denies them.

155.    The allegations in paragraph 155 are asserted against parties or persons other than Woodruff and no response is required.  To the extent a response is required, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 155, and therefore denies them.

156.    The allegations in paragraph 156 are asserted against parties or persons other than Woodruff and no response is required.  To the extent a response is required, Woodruff denies the allegations in paragraph 156.

NYA 755855.7

157.     The allegations in paragraph 157 are asserted against parties or persons other than Woodruff and no response is required.  To the extent a response is required, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 157, and therefore denies them.

158.     The allegations in paragraph 158 are asserted against parties or persons other than Woodruff and no response is required.  To the extent a response is required, Woodruff states that the so-called "White Paper" speaks for itself.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 158, and therefore denies them.

159.     The allegations in paragraph 159 are asserted against parties or persons other than Woodruff and no response is required.  To the extent a response is required, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 159, and therefore denies them.

160.     The allegations in paragraph 160 are asserted against parties or persons other than Woodruff and no response is required.  To the extent a response is required, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 160, and therefore denies them.

161.     Woodruff denies the allegations in paragraph 161.

162.     Woodruff denies the allegations in paragraph 162.

163.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to each in its entirety for its content and context.  Otherwise, Woodruff lacks sufficient information or knowledge to admit or

deny the allegations in paragraph 163 because he retired from Qwest on March 2, 2001, and therefore denies them.

164.     Woodruff denies the allegations in paragraph 164.

165.     Woodruff denies the allegations in paragraph 165.

166.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 166.  Insofar as any remaining allegations in paragraph 166 are directed at Qwest, Woodruff denies them.  Insofar as any remaining allegations in paragraph 166 are directed at Global Crossing, Woodruff lacks sufficient information or knowledge to admit or deny the allegations, and therefore denies them.

167.     Woodruff denies the allegations in paragraph 167.

168.     Woodruff denies the allegations in paragraph 168.

169.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 169 because he retired from Qwest on March 2, 2001, and therefore denies them.

170.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 170 because he retired from Qwest on March 2, 2001, and therefore denies them.

171.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 171 because he retired from Qwest on March 2, 2001, and therefore denies them.

172.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 172 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

173.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 173 because he retired from Qwest on March 2, 2001, and therefore denies them.

174.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 174 because he retired from Qwest on March 2, 2001, and therefore denies them.

175.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 175, and therefore denies them.

176.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 176 because he retired from Qwest on March 2, 2001, and therefore denies them.

177.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 177 because he retired from Qwest on March 2, 2001, and therefore denies them.

178.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 178 because he retired from Qwest on March 2, 2001, and therefore denies them.

179.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 179 because he retired from Qwest on March 2, 2001, and therefore denies them.

180.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 180 because he retired from Qwest on March 2, 2001, and therefore denies them.

181.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 181 because he retired from Qwest on March 2, 2001, and therefore denies them.

182.      Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 182 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

183.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 183 because he retired from Qwest on March 2, 2001, and therefore denies them.

184.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 184 because he retired from Qwest on March 2, 2001, and therefore denies them.

185.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 185 because he retired from Qwest on March 2, 2001, and therefore denies them.

186.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 186 because he retired from Qwest on March 2, 2001, and therefore denies them.

187.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 187 because he retired from Qwest on March 2, 2001, and therefore denies them.

188.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 188 because he retired from Qwest on March 2, 2001, and therefore denies them.

189.    Woodruff denies the allegations in paragraph 189.

190.    Woodruff adopts and incorporates Qwest's Answer to paragraph 190.

191.    Woodruff admits that Fortune Magazine has published articles in which Qwest is discussed.  Those articles speak for themselves, and Woodruff respectfully refers the Court to each in its entirety for its content and context.  Woodruff denies the remaining allegations in paragraph 191.

192.    Woodruff adopts and incorporates Qwest's Answer to paragraph 192.

NYA 755855.7

193.    Woodruff adopts and incorporates Qwest's Answer to paragraph 193.

194.    Woodruff denies the allegations in paragraph 194.

195.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 195, and therefore denies them.

196.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 196, and therefore denies them.

197.    Woodruff denies the allegations in paragraph 197.

198.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 198, and therefore denies them.

199.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 199, and therefore denies them.

200.    Woodruff denies the allegations in paragraph 200.

201.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 201 because he retired from Qwest on March 2, 2001, and therefore denies them.

202.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 202 because he retired from Qwest on March 2, 2001, and therefore denies them.

203.    To the extent Plaintiff's allegations relate to the period prior to March 2, 2001, Woodruff denies the allegations in paragraph 203.   Woodruff lacks sufficient information or

NYA 755855.7

knowledge to admit or deny the remaining allegations in paragraph 203 because he retired from Qwest on March 2, 2001, and therefore denies them.

204.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 204 because he retired from Qwest on March 2, 2001, and therefore denies them.

205.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 205 because he retired from Qwest on March 2, 2001, and therefore denies them.

206.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 206 because he retired from Qwest on March 2, 2001, and therefore denies them.

207.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 207 because he retired from Qwest on March 2, 2001, and therefore denies them.

208.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 208 because he retired from Qwest on March 2, 2001, and therefore denies them.

209.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 209, and therefore denies them.

210.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 210, and therefore denies them.

211.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 211, and therefore denies them.

212.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 212, and therefore denies them.

NYA 755855.7

213.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 213 because he retired from Qwest on March 2, 2001, and therefore denies them.

214.     Woodruff denies the allegations in paragraph 214.

215.     Woodruff denies the allegations in paragraph 215.

216.     Woodruff denies the allegations in paragraph 216.

217.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 217 because he retired from Qwest on March 2, 2001, and therefore denies them..

218.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 218, and therefore denies them.

219.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 219, and therefore denies them.

220.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 220 because he retired from Qwest on March 2, 2001, and therefore denies them.

221.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 221, and therefore denies them.

222.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 222 because he retired from Qwest on March 2, 2001, and therefore denies them.

223.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 223, and therefore denies them.

NYA 755855.7

224.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 224, and therefore denies them.

225.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 225 because he retired from Qwest on March 2, 2001, and therefore denies them.

226.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 226 because he retired from Qwest on March 2, 2001, and therefore denies them.

227.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the second, third, and fourth sentences in paragraph 227, and therefore denies them.  Woodruff denies all other allegations in paragraph 227.

228.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 228 because he retired from Qwest on March 2, 2001, and therefore denies them.

229.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 229 because he retired from Qwest on March 2, 2001, and therefore denies them.

230.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 230 because he retired from Qwest on March 2, 2001, and therefore denies them.

231.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 231 because he retired from Qwest on March 2, 2001, and therefore denies them.

232.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 232 because he retired from Qwest on March 2, 2001, and therefore denies them.

233.    Woodruff denies the allegations in paragraph 233.

NYA 755855.7

234.     Woodruff adopts and incorporates Qwest's Answer to paragraph 234.

235.     Woodruff adopts and incorporates Qwest's Answer to paragraph 235.

236.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the first and second sentences of paragraph 236, and therefore denies them.  Woodruff denies the allegations in the third sentence of paragraph 236.

237.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 237, and therefore denies them.

238.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 238, and therefore denies them.

239.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 239, and therefore denies them.

240.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 240, and therefore denies them.

241.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 241, and therefore denies them.

242.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 242, and therefore denies them.

243.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 243, and therefore denies them.

NYA 755855.7

244.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 244, and therefore denies them.

245.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 245, and therefore denies them.

246.     Paragraph 246 purports to characterize the requirements of a GAAP provision.  That provision speaks for itself, and Woodruff respectfully refers the Court to the set of provisions in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 246, and therefore denies them.

247.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 247, and therefore denies them.

248.     Woodruff denies the allegations in paragraph 248.

249.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 249, and therefore denies them.

250.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 250, and therefore denies them.

251.     Woodruff denies the allegations in the first sentence of paragraph 251.  The publicly filed document referred to in paragraph 251 speaks for itself, and Woodruff respectfully refers the Court to the full document for a complete understanding of its contents. Except as specifically referenced above, Woodruff denies the allegations in paragraph 251.

NYA 755855.7

252.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 252, and therefore denies them.

253.     Plaintiff purports to characterize the requirements of GAAP in the first sentence of paragraph 253.  Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for an understanding of its contents and requirements.  Plaintiff purports to characterize the contract between Qwest and Genuity in the remaining allegations in paragraph 253.  That document speaks for itself, and Woodruff respectfully refers the Court to the contract in its entirety for its content and context.  Woodruff denies the remaining allegations in paragraph 254.

254.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 254, and therefore denies them.

255.     Paragraph 255 purports to characterize the requirements of a GAAP provision.  That provision speaks for itself, and Woodruff respectfully refers the Court to the set of provisions in its entirety for its content and context.  Woodruff denies the remaining allegations in paragraph 255.

256.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 256.

257.     Woodruff denies the allegations in paragraph 257.

258.     Woodruff denies the allegations in the first sentence of paragraph 258.  To the extent these allegations reference publicly-filed documents, the documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Except as specifically referenced above, Woodruff denies the remaining allegations in paragraph 258.

NYA 755855.7

259.    Woodruff denies the allegations in paragraph 259.

260.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 260 because he retired from Qwest on March 2, 2001, and therefore denies them.

261.    Woodruff adopts and incorporates Qwest's Answer to paragraph 261.

262.    Woodruff adopts and incorporates Qwest's Answer to paragraph 262.

263.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 263 because he retired from Qwest on March 2, 2001, and therefore denies them.

264.    To the extent Plaintiff purports to characterize the requirements of a GAAP provision in the third sentence of paragraph 264, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its contents and requirements. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 263 because he retired from Qwest on March 2, 2001, and therefore denies them.

265.    To the extent Plaintiff purports to characterize the requirements of GAAP, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 265, and therefore denies them.

266.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 266, and therefore denies them.

267.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 267, and therefore denies them.

NYA 755855.7

268.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 268 because he retired from Qwest on March 2, 2001, and therefore denies them.

269.    To the extent Plaintiff purports to characterize the requirements of GAAP, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its contents and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 269 because he retired from Qwest on March 2, 2001, and therefore denies them.

270.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 270 because he retired from Qwest on March 2, 2001, and therefore denies them.

271.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 271 because he retired from Qwest on March 2, 2001, and therefore denies them.

272.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 272 because he retired from Qwest on March 2, 2001, and therefore denies them.

273.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 273 because he retired from Qwest on March 2, 2001, and therefore denies them.

274.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 274 because he retired from Qwest on March 2, 2001, and therefore denies them.

275.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 275 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

276.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 276 because he retired from Qwest on March 2, 2001, and therefore denies them.

277.     To the extent Plaintiff purports to characterize the requirements of GAAP, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its contents and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 277 because he retired from Qwest on March 2, 2001, and therefore denies them.

278.     To the extent Plaintiff purports to characterize the requirements of GAAP, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its contents and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 278 because he retired from Qwest on March 2, 2001, and therefore denies them.

279.     To the extent Plaintiff purports to characterize the requirements of GAAP, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its contents and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 279 because he retired from Qwest on March 2, 2001, and therefore denies them.

280.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 280 because he retired from Qwest on March 2, 2001, and therefore denies them.

281.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 281 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

282.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 282 because he retired from Qwest on March 2, 2001, and therefore denies them.

283.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 283 because he retired from Qwest on March 2, 2001, and therefore denies them.

284.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 284 because he retired from Qwest on March 2, 2001, and therefore denies them.

285.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 285 because he retired from Qwest on March 2, 2001, and therefore denies them.

286.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 286 because he retired from Qwest on March 2, 2001, and therefore denies them.

287.     To the extent Plaintiff purports to characterize the requirements of GAAP, Woodruff respectfully refers the Court to the set of GAAP provisions in its entirety for a complete understanding of its contents and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 287 because he retired from Qwest on March 2, 2001, and therefore denies them.

288.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 288 because he retired from Qwest on March 2, 2001, and therefore denies them.

289.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 289 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

290.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 290 because he retired from Qwest on March 2, 2001, and therefore denies them.

291.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 291 because he retired from Qwest on March 2, 2001, and therefore denies them.

292.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 292 because he retired from Qwest on March 2, 2001, and therefore denies them.

293.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 293 because he retired from Qwest on March 2, 2001, and therefore denies them.

294.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 294 because he retired from Qwest on March 2, 2001, and therefore denies them.

295.     To the extent that the allegations are based on an indictment issued by a grand jury, Woodruff respectfully refers the Court to the document in its entirety for an understanding of the charges against the defendants therein.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 295, and therefore denies them.

296.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 296 because he retired from Qwest on March 2, 2001, and therefore denies them.

297.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 297 because he retired from Qwest on March 2, 2001, and therefore denies them.

298.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 298 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

299.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 299 because he retired from Qwest on March 2, 2001, and therefore denies them.

300.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 300 because he retired from Qwest on March 2, 2001, and therefore denies them.

301.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 301 because he retired from Qwest on March 2, 2001, and therefore denies them.

302.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 302 because he retired from Qwest on March 2, 2001, and therefore denies them.

303.     Woodruff denies the allegations in paragraph 303.

304.     Woodruff denies the allegations in paragraph 304.

305.     To the extent these allegations reference a publicly-filed document, the document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff admits on information and belief that Qwest entered into an agreement with KMC in March 2000, and states that the agreement between Qwest and KMC speaks for itself.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 305, and therefore denies them.

306.     Woodruff admits on information and belief that Qwest entered into an agreement with KMC in June 2000, and states that the agreement between Qwest and KMC speaks for itself. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 306, and therefore denies them.

NYA 755855.7

307.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 307, and therefore denies them.

308.   Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 308 because he retired from Qwest on March 2, 2001, and therefore denies them.

309.   Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 309, and therefore denies them.

310.   Woodruff denies the allegations in paragraph 310.

311.   Woodruff denies the allegations in paragraph 311.

312.   To the extent these allegations reference a publicly-filed document, the document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 312, and therefore denies them.

313.   Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 313 because he retired from Qwest on March 2, 2001, and therefore denies them.

314.   Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 314 because he retired from Qwest on March 2, 2001, and therefore denies them.

315.   To the extent these allegations reference a publicly-filed document, the document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 315 and therefore denies them.

316.     Woodruff denies the allegations in paragraph 316.

317.     Woodruff admits that the Denver Post published an article in which Qwest was discussed.  That article speaks for itself, and Woodruff respectfully refers the Court to the article in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 317, and therefore denies them.

318.     Woodruff denies the allegations in paragraph 318.

319.     Woodruff admits that the Denver Post published an article in which Qwest was discussed.  That article speaks for itself, and Woodruff respectfully refers the Court to the article in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 319, and therefore denies them.

320.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 320 because he retired from Qwest on March 2, 2001, and therefore denies them.

321.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 321 because he retired from Qwest on March 2, 2001, and therefore denies them.

322.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 322 because he retired from Qwest on March 2, 2001, and therefore denies them.

323.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 323 because he retired from Qwest on March 2, 2001, and therefore denies them.

324.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 324 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

325.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 325 because he retired from Qwest on March 2, 2001, and therefore denies them.

326.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 326 because he retired from Qwest on March 2, 2001, and therefore denies them.

327.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 327 because he retired from Qwest on March 2, 2001, and therefore denies them.

328.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 328 because he retired from Qwest on March 2, 2001, and therefore denies them.

329.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 329 because he retired from Qwest on March 2, 2001, and therefore denies them.

330.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 330 because he retired from Qwest on March 2, 2001, and therefore denies them.

331.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 331 because he retired from Qwest on March 2, 2001, and therefore denies them.

332.    The allegations in paragraph 332 purport to characterize SFAS No. 121 and SFAS No. 144.  Those statements speak for themselves, and Woodruff respectfully refers the Court to the statements in their entirety for a complete understanding of their contents and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 332 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

333.    The allegations in paragraph 333 purport to characterize SFAS No. 121.   That statement speaks for itself, and Woodruff respectfully refers the Court to the statement in its entirety for a complete understanding of its content and context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 333 because he retired from Qwest on March 2, 2001, and therefore denies them.

334.    The allegations in paragraph 334 purport to characterize SFAS No. 121.   That statement speaks for itself, and Woodruff respectfully refers the Court to the statement in its entirety for a complete understanding of its content and context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 334 because he retired from Qwest on March 2, 2001, and therefore denies them.

335.    Paragraph 335 purports to characterize SFAS No. 121 and SFAS No. 144.   Those statements speak for themselves, and Woodruff respectfully refers the Court to those statements in their entirety for their content and context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 335, and therefore denies them.

336.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 336, and therefore denies them.

337.    Woodruff denies the allegations in paragraph 337.

338.    Woodruff denies the allegations in paragraph 338.

339.    Woodruff admits that EBITDA is a common acronym for "Earnings Before Interest Taxes Depreciation and Amortization."   Except as specifically admitted above, Woodruff denies the allegations in paragraph 339.

NYA 755855.7

340.    Woodruff denies the allegations in the first two sentences of paragraph 340.  To the extent these allegations reference a publicly-filed document, the document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 340, and therefore denies them.

341.    Woodruff denies the allegations in the first sentence of paragraph 341.  The press release purportedly quoted in paragraph 341 speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for a complete understanding of its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 341, and therefore denies them.

342.    The press release purportedly quoted in paragraph 342 speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for a complete understanding of its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 342, and therefore denies them.

343.    Woodruff admits that Qwest hosted a conference call on July 6, 2000.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 343, and therefore denies them.

344.    Woodruff denies the allegations in paragraph 344.

345.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 345 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

346.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 346 because he retired from Qwest on March 2, 2001, and therefore denies them.

347.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 347 because he retired from Qwest on March 2, 2001, and therefore denies them.

348.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 348 because he retired from Qwest on March 2, 2001, and therefore denies them.

349.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 349 because he retired from Qwest on March 2, 2001, and therefore denies them.

350.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 350 because he retired from Qwest on March 2, 2001, and therefore denies them.

351.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 351 because he retired from Qwest on March 2, 2001, and therefore denies them.

352.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 352 because he retired from Qwest on March 2, 2001, and therefore denies them.

353.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 353 because he retired from Qwest on March 2, 2001, and therefore denies them.

354.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 354, and therefore denies them.

355.     Woodruff denies the allegations in paragraph 355 to the extent they relate to activities and filings prior to his retirement from Qwest on March 2, 2001.   To the extent the

allegations relate to activities and filings after March 2, 2001, Woodruff lacks sufficient information or  knowledge to admit or deny the allegations in paragraph 355, and therefore denies them.

356.   Woodruff denies the allegations in paragraph 356 to the extent they relate to activities and filings prior to his retirement from Qwest on March 2, 2001.  To the extent the allegations relate to activities and filings after March 2, 2001, Woodruff lacks sufficient information or  knowledge to admit or deny the allegations in paragraph 356, and therefore denies them.

357.   Woodruff denies the allegations in the first sentence of paragraph 357.  To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff lacks sufficient information or  knowledge to admit or deny the remaining allegations in paragraph 357, and therefore denies them.

358.   Woodruff denies the allegations in paragraph 358 to the extent they relate to activities and filings prior to his retirement from Qwest on March 2, 2001.  To the extent the allegations relate to activities and filings after March 2, 2001, Woodruff lacks sufficient information or  knowledge to admit or deny the allegations in paragraph 358, and therefore denies them.

359.   Woodruff denies the allegations in paragraph 359 to the extent they relate to activities and filings prior to his retirement from Qwest on March 2, 2001.  To the extent the allegations relate to activities and filings after March 2, 2001, Woodruff lacks sufficient information or  knowledge to admit or deny the allegations in paragraph 359, and therefore denies them.

360.   Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 360 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

361.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 361 because he retired from Qwest on March 2, 2001, and therefore denies them.

362.     Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 362, and therefore denies them.

363.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 363, and therefore denies them.

364.     Woodruff denies the allegations in paragraph 364.

365.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff denies the allegations in paragraph 365 with respect to filings made prior to his retirement on March 2, 2001.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 366, and therefore denies them.

366.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff admits that he signed a Form 10-K405 for 1999 either personally or through a power of attorney.  Woodruff also admits that the Form 10-K405 for 1999 contained a Report of Independent Public Accountants, signed by Arthur Andersen LLP.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 366, and therefore denies them.

367.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety

for their content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 367, and therefore denies them.

368.     Woodruff denies the allegations in paragraph 368.

369.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff admits that he signed a Form 10-Q for First Quarter 2000 either personally or through a power of attorney.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 369, and therefore denies them.

370.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff denies the remaining allegations in paragraph 370.

371.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 371, and therefore denies them.

372.     Woodruff denies the allegations in paragraph 372.

373.     Woodruff admits that he signed a Form 10-Q for Second Quarter 2000 either personally or through a power of attorney.  To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Except as specifically admitted above, Woodruff denies the allegations in paragraph 373.

NYA 755855.7

374.     Woodruff admits that on August 11, 2000, Qwest filed a Form 10-Q.  To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff denies the remaining allegations in paragraph 374.

375.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 375, and therefore denies them.

376.     Woodruff denies the allegations in paragraph 376.

377.     Woodruff admits that on November 14, 2000, Qwest filed a Form 10-Q, which he signed, either personally or by power of attorney.   To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Except as specifically admitted above, Woodruff denies the allegations in paragraph 377.

378.     To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 378, and therefore denies them.

379.     Woodruff admits that on November 14, 2000 Qwest filed a Form 10-Q.  To the extent these allegations reference publicly-filed documents, those documents speak for themselves,

NYA 755855.7

and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff denies the remaining allegations in paragraph 379.

380.    Woodruff admits that on November 14, 2000, Qwest filed a Form 10-Q.  To the extent these allegations reference publicly-filed documents, those documents speak for themselves, and Woodruff respectfully refers the Court to the documents in their entirety for their content and context.  Woodruff denies the remaining allegations in paragraph 380.

381.    Woodruff denies the allegations in paragraph 381.

382.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 382 because he retired from Qwest on March 2, 2001, and therefore denies them.

383.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 383 because he retired from Qwest on March 2, 2001, and therefore denies them.

384.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 384 because he retired from Qwest on March 2, 2001, and therefore denies them.

385.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 385 because he retired from Qwest on March 2, 2001, and therefore denies them.

386.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 386 because he retired from Qwest on March 2, 2001, and therefore denies them.

387.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 387 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

388.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 388 because he retired from Qwest on March 2, 2001, and therefore denies them.

389.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 389 because he retired from Qwest on March 2, 2001, and therefore denies them.

390.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 390 because he retired from Qwest on March 2, 2001, and therefore denies them.

391.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 391 because he retired from Qwest on March 2, 2001, and therefore denies them.

392.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 392 because he retired from Qwest on March 2, 2001, and therefore denies them.

393.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 393 because he retired from Qwest on March 2, 2001, and therefore denies them.

394.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 394 because he retired from Qwest on March 2, 2001, and therefore denies them.

395.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 395 because he retired from Qwest on March 2, 2001, and therefore denies them.

396.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 396 because he retired from Qwest on March 2, 2001, and therefore denies them.

397.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 397 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

398.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 398 because he retired from Qwest on March 2, 2001, and therefore denies them.

399.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 399 because he retired from Qwest on March 2, 2001, and therefore denies them.

400.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 400 because he retired from Qwest on March 2, 2001, and therefore denies them.

401.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 401 because he retired from Qwest on March 2, 2001, and therefore denies them.

402.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 402 because he retired from Qwest on March 2, 2001, and therefore denies them.

403.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 403 because he retired from Qwest on March 2, 2001, and therefore denies them.

404.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 404 because he retired from Qwest on March 2, 2001, and therefore denies them.

405.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 405 because he retired from Qwest on March 2, 2001, and therefore denies them.

406.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 406 because he retired from Qwest on March 2, 2001, and therefore denies them.

407.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 407 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

408.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 408 because he retired from Qwest on March 2, 2001, and therefore denies them.

409.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 409 because he retired from Qwest on March 2, 2001, and therefore denies them.

410.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 410 because he retired from Qwest on March 2, 2001, and therefore denies them.

411.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 411 because he retired from Qwest on March 2, 2001, and therefore denies them.

412.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 412 because he retired from Qwest on March 2, 2001, and therefore denies them.

413.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 413 because he retired from Qwest on March 2, 2001, and therefore denies them.

414.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 414 because he retired from Qwest on March 2, 2001, and therefore denies them.

415.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 415 because he retired from Qwest on March 2, 2001, and therefore denies them.

416.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 416 because he retired from Qwest on March 2, 2001, and therefore denies them.

417.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 417 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

418.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 418 because he retired from Qwest on March 2, 2001, and therefore denies them.

419.    Woodruff admits that Qwest issued quarterly earnings releases from 1999 through March 2, 2001 when Woodruff retired from Qwest.  Woodruff denies the remaining allegations relating to these releases.  As to releases after March 2, 2001, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 419, and therefore denies them.

420.    Woodruff admits that Qwest issued a press release on February 2, 2000.  To the extent these allegations reference the press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 420, and therefore denies them.

421.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 421, and therefore denies them.

422.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 422, and therefore denies them.

423.    To the extent Plaintiff purports to quote Woodruff from a February 2, 2000 press release, that document speaks for itself and Woodruff respectfully refers the Court to the document

NYA 755855.7

in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 423, and therefore denies them.

424.     Woodruff denies the allegations in paragraph 424.

425.     Woodruff admits that Qwest issued a press release on April 19, 2000.  To the extent these allegations reference the press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 425, and therefore denies them.

426.     To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 426, and therefore denies them.

427.     To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 427, and therefore denies them.

428.     To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 428, and therefore denies them.

NYA 755855.7

429.     To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 429, and therefore denies them.

430.     To the extent Plaintiff purports to quote Woodruff from an April 19, 2000 press release, that document speaks for itself and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 430, and therefore denies them.

431.     Woodruff denies the allegations in paragraph 431.

432.     Woodruff admits that Qwest issued a press release on July 19, 2000.  To the extent these allegations reference the press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 432, and therefore denies them.

433.     To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 433, and therefore denies them.

434.     To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and

NYA 755855.7

context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 434, and therefore denies them.

435.   To the extent Plaintiff purports to quote Woodruff from a July 19, 2000 press release, that document speaks for itself and Woodruff respectfully refers the Court to the document in its entirety for its content and context.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 435, and therefore denies them.

436.   To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 436, and therefore denies them.

437.   To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 437, and therefore denies them.

438.   Woodruff denies the allegations in paragraph 438.

439.   Woodruff admits that Qwest issued a press release on Oct. 24, 2000.  To the extent these allegations reference the press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 439, and therefore denies them.

NYA 755855.7

440.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 440, and therefore denies them.

441.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 441, and therefore denies them.

442.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 442, and therefore denies them.

443.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 443, and therefore denies them.

444.    To the extent Plaintiff purports to quote Woodruff from an October 24, 2000 press release, that document speaks for itself and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 444, and therefore denies them.

445.    Woodruff denies the allegations in paragraph 445.

NYA 755855.7

446.    Woodruff admits that Qwest issued a press release on January 24, 2001.  To the extent these allegations reference the press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 446, and therefore denies them.

447.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 447, and therefore denies them.

448.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 448, and therefore denies them.

449.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 449, and therefore denies them.

450.    To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 450, and therefore denies them.

NYA 755855.7

451.    To the extent Plaintiff purports to quote Woodruff from a January 24, 2001 press release, that document speaks for itself and Woodruff respectfully refers the Court to the document in its entirety for its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 451, and therefore denies them.

452.    Woodruff denies the allegations in paragraph 452.

453.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 453 because he retired from Qwest on March 2, 2001, and therefore denies them.

454.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 454 because he retired from Qwest on March 2, 2001, and therefore denies them.

455.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 455 because he retired from Qwest on March 2, 2001, and therefore denies them.

456.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 456 because he retired from Qwest on March 2, 2001, and therefore denies them.

457.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 457 because he retired from Qwest on March 2, 2001, and therefore denies them.

458.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 458 because he retired from Qwest on March 2, 2001, and therefore denies them.

459.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 459 because he retired from Qwest on March 2, 2001, and therefore denies them.

460.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 460 because he retired from Qwest on March 2, 2001, and therefore denies them.

461.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 461 because he retired from Qwest on March 2, 2001, and therefore denies them.

462.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 462 because he retired from Qwest on March 2, 2001, and therefore denies them.

463.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 463 because he retired from Qwest on March 2, 2001, and therefore denies them.

464.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 464 because he retired from Qwest on March 2, 2001, and therefore denies them.

465.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 465 because he retired from Qwest on March 2, 2001, and therefore denies them.

466.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 466 because he retired from Qwest on March 2, 2001, and therefore denies them.

467.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 467 because he retired from Qwest on March 2, 2001, and therefore denies them.

468.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 468 because he retired from Qwest on March 2, 2001, and therefore denies them.

469.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 469 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

470.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 470 because he retired from Qwest on March 2, 2001, and therefore denies them.

471.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 471 because he retired from Qwest on March 2, 2001, and therefore denies them.

472.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 472 because he retired from Qwest on March 2, 2001, and therefore denies them.

473.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 473 because he retired from Qwest on March 2, 2001, and therefore denies them.

474.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 474 because he retired from Qwest on March 2, 2001, and therefore denies them.

475.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 475 because he retired from Qwest on March 2, 2001, and therefore denies them.

476.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 476 because he retired from Qwest on March 2, 2001, and therefore denies them.

477.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 477 because he retired from Qwest on March 2, 2001, and therefore denies them.

478.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 478 because he retired from Qwest on March 2, 2001, and therefore denies them.

479.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 479 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

480.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 480 because he retired from Qwest on March 2, 2001, and therefore denies them.

481.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 481 because he retired from Qwest on March 2, 2001, and therefore denies them.

482.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 482 because he retired from Qwest on March 2, 2001, and therefore denies them.

483.     Insofar as the allegations in the first sentence of paragraph 483 are directed at him, Woodruff denies them.  Insofar as the allegations in the first sentence of paragraph 483 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.  Woodruff denies the remaining allegations in paragraph 483.

484.     Woodruff denies the allegations in the first sentence of paragraph 484.  To the extent these allegations reference a press release, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 484, and therefore denies them.

485.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 485 because he retired from Qwest on March 2, 2001, and therefore denies them.

486.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 486 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

487.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 487 because he retired from Qwest on March 2, 2001, and therefore denies them.

488.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 488 because he retired from Qwest on March 2, 2001, and therefore denies them.

489.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 489 because he retired from Qwest on March 2, 2001, and therefore denies them.

490.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 490 because he retired from Qwest on March 2, 2001, and therefore denies them.

491.    Insofar as the allegations in the first sentence of paragraph 491 are directed at him, Woodruff denies them.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 491 because he retired from Qwest on March 2, 2001, and therefore denies them.

492.    Insofar as the allegations in paragraph 492 are directed at him, Woodruff denies them.  Insofar as the allegations in paragraph 492 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

493.    The allegations in paragraph 493 are misleading because they incorporate only select information from multiple public filings and because they omit other potentially relevant information contained in the same filings.  Further, the allegations are vague and unclear in a number of respects.  Accordingly, Woodruff denies the allegations in paragraph 493.  Insofar as the allegations in paragraph 493 are directed at other individuals, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

NYA 755855.7

494.     Insofar as the allegations in paragraph 494 are directed at him, Woodruff denies them.  Insofar as the allegations in paragraph 494 are directed at other Defendants, Woodruff lacks sufficient information or knowledge to admit or deny them, and therefore denies them.

495.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 495 because he retired from Qwest on March 2, 2001, and therefore denies them.

496.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 496 because he retired from Qwest on March 2, 2001, and therefore denies them.

497.     Woodruff lacks sufficient knowledge or information to admit or deny the allegations in paragraph 497, and therefore denies them.

498.     Woodruff denies the allegations in paragraph 498.

499.     Woodruff admits that Nacchio served as Qwest's President and CEO from January 1997 to February 1999 and the CEO and Co-Chairman from February 1999 through the remaining time that Woodruff was employed by Qwest.  Except as specifically admitted above, Woodruff denies the allegations in paragraph 499.

500.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 500 because he retired from Qwest on March 2, 2001, and therefore denies them.

501.     Woodruff admits that he served as Qwest's CFO from August 1994 until March 2, 2001.  Except as specifically admitted above, Woodruff denies the allegations in paragraph 501.

502.     Woodruff adopts and incorporates Qwest's Answer to paragraph 502.

503.     Woodruff adopts and incorporates Qwest's Answer to paragraph 503.

504.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 504, and therefore denies them.

505.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 505 because he retired from Qwest on March 2, 2001, and therefore denies them.

506.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 506 because he retired from Qwest on March 2, 2001, and therefore denies them.

507.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 507, and therefore denies them.

508.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 508, and therefore denies them.

509.     The allegations in paragraph 509 are asserted against parties or persons other than Woodruff and no response is required.   To the extent a response is required, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 509, and therefore denies them.

510.     The allegations in paragraph 510 are asserted against parties or persons other than Woodruff and no response is required.   To the extent a response is required, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 510, and therefore denies them.

NYA 755855.7

511.    Woodruff admits that Mr. Anschutz, Mr. Nacchio, and Mr. Slater served on Qwest's Board of Directors.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 511, and therefore denies them.

512.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 512, and therefore denies them.

513.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 513 because he retired from Qwest on March 2, 2001, and therefore denies them.

514.    Woodruff admits that Mr. Slater served on Qwest's Board of Directors and that Mr. Slater is President of the Anschutz Investment Company.   Woodruff further admits that Mr. Slater served as a member of the Executive Committee of Qwest's Board of Directors.   The charter for the Executive Committee speaks for itself, and Woodruff respectfully refers the Court to the charter for a full understanding of the authority granted to the Executive Committee.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 514, and therefore denies them.

515.    Woodruff admits that Messrs. Khosla and Nelson served on Qwest's Board of Directors. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 515, and therefore denies them.

516.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 516 because he retired from Qwest on March 2, 2001, and therefore denies them.

517.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 517, and therefore denies them.

518.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 518, and therefore denies them.

519.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 519 because he retired from Qwest on March 2, 2001, and therefore denies them.

520.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 520 because he retired from Qwest on March 2, 2001, and therefore denies them.

521.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 521 because he retired from Qwest on March 2, 2001, and therefore denies them.

522.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 522 because he retired from Qwest on March 2, 2001, and therefore denies them.

523.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 523 because he retired from Qwest on March 2, 2001, and therefore denies them.

524.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 524 because he retired from Qwest on March 2, 2001, and therefore denies them.

525.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 525 because he retired from Qwest on March 2, 2001, and therefore denies them.

526.    No response is required to these allegations, as they are directed at other Defendants and state legal conclusions.  To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 526, and therefore denies them.

NYA 755855.7

527.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 527, and therefore denies them.

528.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 528, and therefore denies them.

529.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 529, and therefore denies them.

530.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 530, and therefore denies them.

531.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 531, and therefore denies them.

532.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 532, and therefore denies them.

533.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 533, and therefore denies them.

NYA 755855.7

534.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 534, and therefore denies them.

535.    Woodruff denies the allegations in paragraph 535.

536.    Woodruff denies the allegations in paragraph 536.

537.    Woodruff denies the allegations in the first sentence of paragraph 537.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 537, and therefore denies them.

538.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 538, and therefore denies them.

539.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 539, and therefore denies them.

540.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 540, and therefore denies them.

541.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 541 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

542.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 542, and therefore denies them.

543.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 543 because he retired from Qwest on March 2, 2001, and therefore denies them.

544.    Woodruff admits that the Form 10-K for 1999 included a Report of Independent Public Accountants, signed by Arthur Andersen LLP.  This document speaks for itself, and Woodruff respectfully refers the Court to that document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 544 because he retired from Qwest on March 2, 2001, and therefore denies them.

545.    To the extent these allegations reference a publicly-filed document, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 545, and therefore denies them

546.    To the extent these allegations reference a publicly-filed document, that document speaks for itself, and Woodruff respectfully refers the Court to the document in its entirety for its content and context. Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 546, and therefore denies them

547.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 547 because he retired from Qwest on March 2, 2001, and therefore denies them.

548.    Woodruff denies the allegations in paragraph 548 to the extent they relate to the time period prior to and including March 2, 2001.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 548 because he retired from Qwest on March 2, 2001, and therefore denies them.

549.    Paragraph 549 purports to characterize GAAS.  Woodruff respectfully refers the Court to the GAAS provisions in their entirety for a complete understanding of their content and context.  No response is required to the allegations in the third and fourth sentences of paragraph 549, as they are directed at other Defendants.  To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the third and fourth sentences of paragraph 549, and therefore denies them.

550.    Paragraph 550 purports to characterize GAAS Statement of Auditing Standards Nos. 55 and 78.  Those statements speak for themselves, and Woodruff respectfully refers the Court to the standards in their entirety for a complete understanding of their content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 550, and therefore denies them.

551.    Woodruff denies the allegations in paragraph 551.

552.    Plaintiff makes broad and incomplete allegations in paragraph 552.  Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 552.  Woodruff denies the remaining allegations in paragraph 552.

553.    Paragraph 553 purports to characterize SAS standard No. 47.  That statement speaks for itself, and Woodruff respectfully refers the Court to the standard in its entirety for a complete

NYA 755855.7

understanding of its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 553, and therefore denies them.

554.    Woodruff denies the allegations in paragraph 554.

555.    Paragraph 555 purports to characterize SAS standard No. 82.  That statement speaks for itself, and Woodruff respectfully refers the Court to the standard in its entirety for a complete understanding of its content and context.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 555, and therefore denies them.

556.    Woodruff denies the allegations in paragraph 556.

557.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 557, and therefore denies them.

558.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 558, and therefore denies them.

559.    Woodruff denies the allegation in paragraph 559.

560.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 560, and therefore denies them.

561.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 561, and therefore denies them.

NYA 755855.7

562.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 562 because he retired from Qwest on March 2, 2001, and therefore denies them.

563.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 563 because he retired from Qwest on March 2, 2001, and therefore denies them.

564.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 564 because he retired from Qwest on March 2, 2001, and therefore denies them.

565.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 565 because he retired from Qwest on March 2, 2001, and therefore denies them.

566.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 566 because he retired from Qwest on March 2, 2001, and therefore denies them.

567.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in the first sentence of paragraph 567.  Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 567, and therefore denies them.

568.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 568, and therefore denies them.

569.     Woodruff adopts and incorporates Qwest's Answer to paragraph 569.

570.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 570, and therefore denies them.

571.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 571.

572.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 572, and therefore denies them.

573.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 573, and therefore denies them.

574.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 574, and therefore denies them.

575.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 575, and therefore denies them.

576.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 576, and therefore denies them.

577.　　No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 577, and therefore denies them.

NYA 755855.7

578.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 578, and therefore denies them.

579.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 579, and therefore denies them.

580.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 580, and therefore denies them.

581.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 581, and therefore denies them.

582.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 582, and therefore denies them.

583.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 583, and therefore denies them.

584.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 584, and therefore denies them.

NYA 755855.7

585.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 585, and therefore denies them.

586.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 586, and therefore denies them.

587.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 587, and therefore denies them.

588.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 588, and therefore denies them.

589.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 589, and therefore denies them.

590.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 590, and therefore denies them.

591.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 591, and therefore denies them.

NYA 755855.7

592.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 592, and therefore denies them.

593.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 593, and therefore denies them.

594.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 594, and therefore denies them.

595.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 595, and therefore denies them.

596.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 596, and therefore denies them.

597.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 597, and therefore denies them.

598.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 598, and therefore denies them.

NYA 755855.7

599.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 599, and therefore denies them.

600.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 600, and therefore denies them.

601.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 601, and therefore denies them.

602.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 602, and therefore denies them.

603.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 603, and therefore denies them.

604.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 604, and therefore denies them.

605.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 605, and therefore denies them.

NYA 755855.7

606.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 606, and therefore denies them.

607.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 607, and therefore denies them.

608.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 608, and therefore denies them.

609.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 609, and therefore denies them.

610.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 610, and therefore denies them.

611.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 611, and therefore denies them.

612.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 612, and therefore denies them.

NYA 755855.7

613.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 613, and therefore denies them.

614.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 614, and therefore denies them.

615.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 615, and therefore denies them.

616.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 616, and therefore denies them.

617.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 617, and therefore denies them.

618.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 618, and therefore denies them.

619.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 619, and therefore denies them.

NYA 755855.7

620.     Woodruff adopts and incorporates Qwest's Answer to paragraph 620.

621.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 621, and therefore denies them.

622.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 622, and therefore denies them.

623.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 623, and therefore denies them.

624.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 624, and therefore denies them.

625.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 625, and therefore denies them.

626.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 626, and therefore denies them.

NYA 755855.7

627.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 627, and therefore denies them.

628.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 628, and therefore denies them.

629.    To the extent these allegations are directed at him, Woodruff denies the allegations in paragraph 629.   Woodruff lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 629, and therefore denies them.

630.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 630, and therefore denies them.

631.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 631, and therefore denies them.

632.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 632, and therefore denies them.

633.    Woodruff denies the allegations in paragraph 633.

634.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 634, and therefore denies them.

NYA 755855.7

635.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 635, and therefore denies them.

636.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 636, and therefore denies them.

637.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 637, and therefore denies them.

638.    Woodruff denies the allegations in paragraph 638.

639.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 639, and therefore denies them.

640.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 640, and therefore denies them.

641.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 641, and therefore denies them.

642.    Woodruff denies the allegations in paragraph 642.

643.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 643, and therefore denies them.

644.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 644, and therefore denies them.

NYA 755855.7

645.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 645, and therefore denies them.

646.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 646, and therefore denies them.

647.     Woodruff denies the allegations in paragraph 647.

648.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 648, and therefore denies them.

649.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 649, and therefore denies them.

650.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 650, and therefore denies them.

651.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 651, and therefore denies them.

652.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 652, and therefore denies them.

653.     Woodruff denies the allegations in paragraph 653.

654.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 654, and therefore denies them.

655.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 655, and therefore denies them.

656.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 656, and therefore denies them.

657.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 657, and therefore denies them.

658.    Woodruff denies the allegations in paragraph 658.

659.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 659 because he retired from Qwest on March 2, 2001, and therefore denies them.

660.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 660 because he retired from Qwest on March 2, 2001, and therefore denies them.

661.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 661 because he retired from Qwest on March 2, 2001, and therefore denies them.

662.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 662 because he retired from Qwest on March 2, 2001, and therefore denies them.

663.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 663 because he retired from Qwest on March 2, 2001, and therefore denies them.

664.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 664 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

665.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 665 because he retired from Qwest on March 2, 2001, and therefore denies them.

666.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 666 because he retired from Qwest on March 2, 2001, and therefore denies them.

667.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 667 because he retired from Qwest on March 2, 2001, and therefore denies them.

668.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 668 because he retired from Qwest on March 2, 2001, and therefore denies them.

669.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 669 because he retired from Qwest on March 2, 2001, and therefore denies them.

670.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 670 because he retired from Qwest on March 2, 2001, and therefore denies them.

671.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 671 because he retired from Qwest on March 2, 2001, and therefore denies them.

672.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 672 because he retired from Qwest on March 2, 2001, and therefore denies them.

673.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 673 because he retired from Qwest on March 2, 2001, and therefore denies them.

674.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 674 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

675.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 675 because he retired from Qwest on March 2, 2001, and therefore denies them.

676.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 676 because he retired from Qwest on March 2, 2001, and therefore denies them.

677.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 677 because he retired from Qwest on March 2, 2001, and therefore denies them.

678.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 678 because he retired from Qwest on March 2, 2001, and therefore denies them.

679.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 679 because he retired from Qwest on March 2, 2001, and therefore denies them.

680.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 680 because he retired from Qwest on March 2, 2001, and therefore denies them.

681.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 681 because he retired from Qwest on March 2, 2001, and therefore denies them.

682.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 682 because he retired from Qwest on March 2, 2001, and therefore denies them.

683.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 683 because he retired from Qwest on March 2, 2001, and therefore denies them.

684.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 684 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

685.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 685, and therefore denies them.

686.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 686 because he retired from Qwest on March 2, 2001, and therefore denies them.

687.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 687 because he retired from Qwest on March 2, 2001, and therefore denies them.

688.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 688 because he retired from Qwest on March 2, 2001, and therefore denies them.

689.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 689 because he retired from Qwest on March 2, 2001, and therefore denies them.

690.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 690 because he retired from Qwest on March 2, 2001, and therefore denies them.

691.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 691 because he retired from Qwest on March 2, 2001, and therefore denies them.

692.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 692 because he retired from Qwest on March 2, 2001, and therefore denies them.

693.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 693 because he retired from Qwest on March 2, 2001, and therefore denies them.

694.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 694 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

695.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 695 because he retired from Qwest on March 2, 2001, and therefore denies them.

696.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 696 because he retired from Qwest on March 2, 2001, and therefore denies them.

697.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 697 because he retired from Qwest on March 2, 2001, and therefore denies them.

698.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 698 because he retired from Qwest on March 2, 2001, and therefore denies them.

699.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 699 because he retired from Qwest on March 2, 2001, and therefore denies them.

700.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 700 because he retired from Qwest on March 2, 2001, and therefore denies them.

701.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 701 because he retired from Qwest on March 2, 2001, and therefore denies them.

702.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 702 because he retired from Qwest on March 2, 2001, and therefore denies them.

703.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 703 because he retired from Qwest on March 2, 2001, and therefore denies them.

704.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 704 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

705.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 705 because he retired from Qwest on March 2, 2001, and therefore denies them.

706.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 706 because he retired from Qwest on March 2, 2001, and therefore denies them.

707.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 707 because he retired from Qwest on March 2, 2001, and therefore denies them.

708.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 708 because he retired from Qwest on March 2, 2001, and therefore denies them.

709.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 709 because he retired from Qwest on March 2, 2001, and therefore denies them.

710.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 710 because he retired from Qwest on March 2, 2001, and therefore denies them.

711.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 711 because he retired from Qwest on March 2, 2001, and therefore denies them.

712.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 712 because he retired from Qwest on March 2, 2001, and therefore denies them.

713.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 713 because he retired from Qwest on March 2, 2001, and therefore denies them.

714.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 714 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

715.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 715 because he retired from Qwest on March 2, 2001, and therefore denies them.

716.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 716 because he retired from Qwest on March 2, 2001, and therefore denies them.

717.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 717 because he retired from Qwest on March 2, 2001, and therefore denies them.

718.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 718, and therefore denies them.

719.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 719, and therefore denies them.

720.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 720 because he retired from Qwest on March 2, 2001, and therefore denies them.

721.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 721 because he retired from Qwest on March 2, 2001, and therefore denies them.

722.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 722 because he retired from Qwest on March 2, 2001, and therefore denies them.

723.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 723 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

724.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 724, and therefore denies them.

725.     Woodruff denies the allegations in paragraph 725.

726.     The allegations in paragraph 726 state legal conclusions to which no response is necessary.   To the extent that a response is required, Woodruff denies the allegations in paragraph 726.

727.     The allegations in paragraph 726 state legal conclusions to which no response is necessary.   To the extent that a response is required, Woodruff denies the allegations in paragraph 727.

728.     Woodruff adopts and incorporates Qwest's Answer to paragraph 728.

729.     The allegations in paragraph 729 state legal conclusions to which no response is necessary.   To the extent that a response is required, Woodruff denies the allegations in paragraph 729.

730.     Woodruff denies the allegations in paragraph 730.

731.     Woodruff denies the allegations in paragraph 731.

732.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 732 because he retired from Qwest on March 2, 2001, and therefore denies them.  The second sentence of paragraph 732 states a legal conclusion to which no

response is necessary.  To the extent that a response is required, Woodruff denies the allegations in the second sentence of paragraph 732.

733.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 733 because he retired from Qwest on March 2, 2001, and therefore denies them.

734.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 734 because he retired from Qwest on March 2, 2001, and therefore denies them.

735.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 735 because he retired from Qwest on March 2, 2001, and therefore denies them.

736.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 736.

737.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 737 because he retired from Qwest on March 2, 2001, and therefore denies them.

738.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 738 because he retired from Qwest on March 2, 2001, and therefore denies them.

739.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 739 because he retired from Qwest on March 2, 2001, and therefore denies them.

740.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 740 because he retired from Qwest on March 2, 2001, and therefore denies them.

741.    Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 741 because he retired from Qwest on March 2, 2001, and therefore denies them.

NYA 755855.7

742.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 742 because he retired from Qwest on March 2, 2001, and therefore denies them.

743.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 743 because he retired from Qwest on March 2, 2001, and therefore denies them.

744.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 744 because he retired from Qwest on March 2, 2001, and therefore denies them.

745.     The allegations in paragraph 745 state legal conclusions to which no response is necessary.   To the extent that a response is required, Woodruff denies the allegations in paragraph 745.

746.     The allegations in paragraph 746 state legal conclusions to which no response is necessary.   To the extent that a response is required, Woodruff denies the allegations in paragraph 746.

747.     Woodruff admits that twelve putative class actions purportedly brought on behalf of purchasers of publicly traded securities of Qwest between May 24, 1999 and February 14, 2002, were consolidated into a securities action pending in federal district court in Colorado.  The first of these actions was filed on July 27, 2001.  Plaintiffs allege, among other things, that defendants issued false and misleading financial results and made false statements about Qwest's business and investments, including making materially false statements in certain Qwest registration statements. Except as specifically admitted above, Woodruff denies the allegations in paragraph 747.

748.     Woodruff repeats his answer to paragraph 747.   Except as specifically admitted above, Woodruff denies the allegations in paragraph 748.

NYA 755855.7

749.   Woodruff repeats his answer to paragraph 747.   Except as specifically admitted above, Woodruff denies the allegations in paragraph 749.

750.   Woodruff repeats his answer to paragraph 747.   Except as specifically admitted above, Woodruff denies the allegations in paragraph 750.

751.   The allegations in paragraph 751 state legal conclusions to which no response is necessary.   To the extent that a response is required, Woodruff denies the allegations in paragraph 751.

### COUNT I
**(Against Qwest Woodruff, Anschutz, Nacchio,
Haines, Slater, Stephens, Szeliza, Alverado, and Hellman)**
**VIOLATION OF SECTION 18 OF THE EXCHANGE ACT**

752.   Woodruff repeats his answers to paragraphs 1-751.

753.   Woodruff denies the allegations in paragraph 753.

754.   Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 754, and therefore denies them.

755.   Woodruff denies the allegations in paragraph 755.

756.   Woodruff denies the allegations in paragraph 756.

757.   Woodruff denies the allegations in paragraph 757.

758.   Woodruff denies the allegations in paragraph 758.

759.   Woodruff denies the allegations in paragraph 759.

NYA 755855.7

760.     Woodruff denies the allegations in paragraph 760.

761.     Woodruff denies the allegations in paragraph 761.

762.     Woodruff denies the allegations in paragraph 762.

763.     Woodruff denies the allegations in paragraph 763.

## COUNT II
### (Against the Andersen Defendants)
### VIOLATION OF SECTION 18 OF THE EXCHANGE ACT

764.     Woodruff repeats his answers to paragraphs 1-763.

765.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 765.

766.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 766.

767.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 767 because he retired from Qwest on March 2, 2001, and therefore denies them.

768.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 768.

769.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 769.

770.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 770.

NYA 755855.7

771.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 771.

772.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 772.

773.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 773.

774.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 774.

775.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 775.

776.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 776.

<u>COUNT III</u>
**(Against Qwest and the Individual Defendants)**
**VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5**

777.     Woodruff repeats his answers to paragraphs 1-776.

778.     Woodruff admits that Plaintiff purports to bring this claim pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  Woodruff denies all other allegations in paragraph 778.

779.     Woodruff denies the allegations in paragraph 779.

780.     Woodruff denies the allegations in paragraph 780.

781.    The allegations in paragraph 781 state legal conclusions to which no response is necessary.  To the extent that a response is required, Woodruff denies the allegations in paragraph 781.

782.    Woodruff denies the allegations in paragraph 782.

783.    Woodruff denies the allegations in paragraph 783.

784.    Woodruff denies the allegations in paragraph 784.

785.    Woodruff denies the allegations in paragraph 785.

786.    Woodruff repeats his answers to paragraphs 1-785.

<u>**COUNT IV**</u>
**(Against the Andersen Defendants)**
**VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5**

787.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff admits that Plaintiff purports to bring this claim pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  Woodruff denies all other allegations in paragraph 787.

788.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 788.

789.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 789.

790.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 790.

791.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 791.

792.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 792.

793.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 793.

794.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 794.

795.    Woodruff repeats his answers to paragraphs 1-794.

796.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff admits that Plaintiff purports to bring this claim pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  Woodruff denies all other allegations in paragraph 796.

797.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 797.

798.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 798.

799.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 799.

NYA 755855.7

800.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 800.

801.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 801.

802.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 802.

## COUNT VI
### (Against the Individual Defendants)
### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT

803.     Woodruff repeats his answers to paragraphs 1-802.

804.     The allegations in paragraph 804 state legal conclusions to which no response is necessary.  To the extent that a response is required, Woodruff denies the allegations in paragraph 804.

805.     The allegations in paragraph 805 state legal conclusions to which no response is necessary.  To the extent that a response is required, Woodruff denies the allegations in paragraph 805.

806.     The allegations in paragraph 806 state legal conclusions to which no response is necessary.  To the extent that a response is required, Woodruff denies the allegations in paragraph 806.

## COUNT VII
### (Against Citigroup and CGMHI)
### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT

NYA 755855.7

807.     Woodruff repeats his answers to paragraphs 1-806.

808.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 808.

809.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 809.

810.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 810.

811.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 811.

**COUNT VIII**
**(Against Defendants Nacchio and Szeliga)**
**VIOLATION OF SECTION 304 OF THE SARBANES-OXLEY ACT**

812.     Woodruff repeats his answers to paragraphs 1-811.

813.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.  To the extent that a response is necessary, Woodruff denies the allegations in paragraph 813.

814.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.  To the extent that a response is necessary, Woodruff denies the allegations in paragraph 814.

NYA 755855.7

815.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.   To the extent that a response is necessary, Woodruff denies the allegations in paragraph 815.

816.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.   To the extent that a response is necessary, Woodruff denies the allegations in paragraph 816.

817.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.   To the extent that a response is necessary, Woodruff denies the allegations in paragraph 817.

818.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.   To the extent that a response is necessary, Woodruff denies the allegations in paragraph 818.

819.     No response is required to these allegations, as they are directed at other Defendants and this claim was dismissed by the Court's September 23, 2005 Order.   To the extent that a response is necessary, Woodruff denies the allegations in paragraph 819.

## COUNT IX
**Against All Defendants**
**VIOLATION OF COLORADO SECURITIES ACT**
**(C.R.S. §§ 11-51-501 and 11-51-604)**

820.     Woodruff repeats his answers to paragraphs 1-819.

821.     Woodruff denies the allegations in paragraph 821.

822.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 822, and therefore denies them.

823.     Woodruff denies the allegations in paragraph 823.

824.     Woodruff denies the allegations in paragraph 824.

825.     Woodruff denies the allegations in paragraph 825.

826.     Woodruff denies the allegations in paragraph 826.

827.     Woodruff denies the allegations in paragraph 827.

828.     Woodruff denies the allegations in paragraph 828.

829.     Woodruff denies the allegations in paragraph 829.

830.     Woodruff denies the allegations in paragraph 830.

831.     Woodruff denies the allegations in paragraph 831.

### COUNT X
**Against Andersen Defendants and The Citigroup Defendants**
**AIDING AND ABETTING OWEST'S VIOLATION OF C.R.S. § 11-51-501 and 11-51-604**

832.     Woodruff repeats his answers to paragraphs 1-831.

833.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 833.

834.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 834.

-105-

835.    No response is required to these allegations, as they are directed at other Defendants.

To the extent that a response is necessary, Woodruff denies the allegations in paragraph 835.

**COUNT XI**
**Against All Defendants**
**COMMON LAW FRAUD**

836.    Woodruff repeats his answers to paragraphs 1-835.

837.    Woodruff denies the allegations in paragraph 837.

838.    Woodruff denies the allegations in paragraph 838.

839.    Woodruff denies the allegations in paragraph 839.

840.    Woodruff denies the allegations in paragraph 840.

**COUNT XII**
**(Against Qwest and the Individual Defendants,**
**the Andersen Defendants and Citigroup Defendants)**
**CIVIL CONSPIRACY**

841.    Woodruff repeats his answers to paragraphs 1-840.

842.    Woodruff denies the allegations in paragraph 842.

843.    Woodruff denies the allegations in paragraph 843.

844.    Woodruff denies the allegations in paragraph 844.

845.    Woodruff denies the allegations in paragraph 845.

**COUNT-XIII**
**(Against Grubman and CGMI)**
**AIDING AND ABETTING COMMON LAW FRAUD**

846.     Woodruff repeats his answers to paragraphs 1-845.

847.     Woodruff denies the allegations in paragraph 847.

848.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 848.

849.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 849.

850.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 850.

851.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 851.

**COUNT XIV**
**(Against the Andersen Defendants)**
**AIDING AND ABETTING COMMON LAW FRAUD**

852.     Woodruff repeats his answers to paragraphs 1-851.

853.     Woodruff denies the allegations in paragraph 853.

854.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 854.

855.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 855.

NYA 755855.7

856.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 856.

**COUNT XV**
**(Against All Defendants)**
**NEGLIGENT MISREPRESENTATION**

857.     Woodruff repeats his answers to paragraphs 1-856.

858.     Woodruff denies the allegations in paragraph 858.

859.     Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 859, and therefore denies them.

860.     Woodruff denies the allegations in paragraph 860.

861.     Woodruff denies the allegations in paragraph 861.

862.     Woodruff denies the allegations in paragraph 862.

863.     Woodruff denies the allegations in paragraph 863.

864.     Woodruff denies the allegations in paragraph 864.

865.     Woodruff denies the allegations in paragraph 865.

**COUNT XVI**
**(Against the Andersen Defendants)**
**FRAUDULENT CONCEALMENT**

866.     Woodruff repeats his answers to paragraphs 1-865.

867.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 867.

NYA 755855.7

868.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 868.

869.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 869.

870.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 870.

871.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 871.

872.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 872.

873.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 873.

874.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 874.

875.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff lacks sufficient information or knowledge to admit or deny the allegations in paragraph 875, and therefore denies them.

876.     No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 876.

## **COUNT XVII**

NYA 755855.7

**(Against Qwest, Arthur Andersen and SSB)**
**Respondeat Superior**

877.    Woodruff repeats his answers to paragraphs 1-876.

878.    Woodruff denies the allegations in paragraph 878.

879.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 879.

880.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 880.

881.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 881.

882.    No response is required to these allegations, as they are directed at other Defendants. To the extent that a response is necessary, Woodruff denies the allegations in paragraph 882.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

3.    Plaintiff's allegations which give rise to its claims are not pled with sufficient particularity under the Federal Rules of Civil Procedure.

NYA 755855.7

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has

failed to plead and cannot establish transaction and/or loss causation.

5.      Some or all of the alleged untrue statements of material fact, omissions of material

fact, misleading statements, or other challenged statements made by Defendants consist only of

non-actionable general statements of optimism and/or indefinite opinions or puffery, and are thus

non-actionable.

6.      Plaintiff's claims are barred, in whole or in part, because Woodruff had no duty to

disclose any facts allegedly not disclosed.

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly

enriched if it was allowed to recover anything in the action.

8.      Plaintiff's claims are barred by the doctrine of laches, as Plaintiff knowingly delayed

for an unreasonable time, under circumstances permitting and requiring diligence, to assert the

purported causes of action in the Complaint against Woodruff, to the substantial detriment and

prejudice of Woodruff.  Accordingly, the relief prayed for in the Complaint cannot be granted.

9.      Every act or omission alleged in the Complaint was done or omitted in good faith

conformity with the rules and regulations of the Securities and Exchange Commission and,

therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for

any act or omission so alleged.

10.      The matters alleged to be the subject of misrepresentations or omissions were

publicly and prominently disclosed and were available to Plaintiff and the securities market.

NYA 755855.7

11.     The acts and practices of persons or entities not associated with Qwest, and ongoing economic events, constitute intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff, and some or all of the decline in the value of Qwest securities was the result, not of any omission or misstatement on the part of Qwest, but rather of a general decline in the market, especially among securities in the telecommunications sector.  Should Plaintiff recover damages, the amount of those damages should be abated, reduced, or eliminated accordingly.  See 15 U.S.C. § 77k(e).

12.     Plaintiff had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which Woodruff's liability is asserted at the time that Plaintiff acquired Qwest securities, and assumed the risk that the value of Qwest securities could decline.

13.     Plaintiff knew or should have known the financial condition of Qwest and the risks associated with the development of Qwest's products, and in failing to consider these risks, assumed the risk that they might be damaged by acquiring Qwest securities.

14.     Plaintiff would have acquired Qwest securities common stock even if, when acquired, Plaintiff had known of the allegedly untrue statements of material fact, omissions of materials fact, or misleading statements or other wrongful conduct upon which Woodruff's purported liability rests.

15.     Some or all of the damage, loss, or injury allegedly sustained by Plaintiff represents losses other than the depreciation in market price or value of the securities resulting from such parts of the registration or financial statements alleged to be untrue or to omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

NYA 755855.7

16.     When they acquired Qwest securities, Plaintiff knew, or in the exercise of reasonable care should have known, of the facts with respect to the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other actions alleged in the Complaint. Plaintiff was negligent and this negligence was a cause-in-fact and a proximate cause of any alleged damages.  Such negligence bars recovery in whole or in part.

17.     Plaintiff purchased Qwest securities after public announcements of adverse market trends in the telecommunications industry and thus had actual or constructive notice of the matters alleged herein and assumed the risk of decline in the market value of the securities they purchased.

18.     Plaintiff neither actually nor reasonably relied on any of the allegedly untrue statements of material fact, omissions of materials fact, or misleading statements or other wrongful conduct upon which Woodruff's purported liability rests.

19.     Plaintiff's claims are barred, in whole or in part, because the asserted injury, if any, was not proximately caused by Woodruff.

20.     Plaintiff has failed to mitigate any damages Plaintiff may have suffered.

21.     Any recovery for damages allegedly incurred by Plaintiff is subject to offset in the amount of any tax benefits or other benefits actually received through their investments.

22.     The claims alleged in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

23.     Some or all of the alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements are rendered non-actionable by the Safe

NYA 755855.7

Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

24.     The claims alleged in the Complaint are barred, in whole or in part, by res judicata.

25.     Plaintiff is barred from recovery, in whole or in part because Woodruff acted in good faith reliance on the advice of other persons.

26.     Plaintiff's claims for attorneys' fees are barred on the ground that no statutory right to attorneys' fees exists and each party is therefore required to bear its own costs and fees.

27.     Without admitting that attorneys' fees are available, the Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

28.     Plaintiff is barred from recovery, in whole or in part, because with respect to all alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements, Woodruff had, after reasonable investigation, reasonable grounds to believe and did in good faith believe, at the time those statements were made and all relevant times, that the statements were true and not misleading and that there were no omissions of material fact required to be stated necessary to make the statements not misleading.

29.     Some or all of the alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements contained sufficient cautionary language or risk disclosure to protect Woodruff against claims of securities fraud, and are thus rendered non-actionable by the "bespeaks caution" doctrine.

NYA 755855.7

30. Without admitting that any damages were suffered by Plaintiff, any damages allegedly suffered were proximately cause by and contributed to by persons other than Woodruff. The liability of all defendants and any responsible parties, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability of Woodruff should be reduced accordingly.

31. Without admitting that any Registration Statement identified in the Complaint contained an untrue statement of material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, with respect to every part of each Registration Statement purporting to be made on the authority of an expert or purporting to be a copy of or extract from a report or valuation of an expert, Woodruff had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert.

32. Without admitting that any Registration Statement identified in the Complaint contained an untrue statement of material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, with respect to every part of each Registration Statement purporting to be a statement made by an official person or purporting to be a copy of or extract from a public official document, Woodruff had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the

NYA 755855.7

registration statement did not fairly represent the statement made by the official person or was not a fair copy of or extract from the public official document.

33.     Without admitting that Qwest or any Individual Defendant is liable under 15 U.S.C. §§ 77k or 77l, and without admitting that Woodruff controls either Qwest or any Individual Defendant, Woodruff had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of Qwest or any Individual Defendant is alleged to exist.

34.     Without admitting that Qwest or any Individual Defendant is liable under the Securities Exchange Act of 1934 ("Securities Exchange Act"), and without admitting that Woodruff controls either Qwest or any Individual Defendant, Woodruff acted in good faith and did not directly or indirectly induce the act or acts constituting the violation of the Securities Exchange Act, or any rule or regulation thereunder, or the cause of action.

35.     Without admitting that Qwest or any Individual Defendant is liable under the Securities Exchange Act of 1934, and without admitting that Woodruff controls either Qwest or any Individual Defendant, Woodruff acted in good faith and did not directly or indirectly induce the act or acts constituting the violation of the Securities Exchange Act, or any rule or regulation thereunder, or the cause of action.

36.     Woodruff did not sell any security that is the subject of this action in the State of Colorado.

37.     Woodruff did not sell any security that is the subject of this action to the Plaintiff.

NYA 755855.7

38.     Plaintiff cannot pursue exemplary or punitive damages because Plaintiff included that claim in its initial claim for relief and has failed to establish prima facie proof of a triable issue on exemplary or punitive damages.

39.     Plaintiff's damages claims, including claims for compensatory, rescissionary, punitive, exemplary, and/or opportunity cost damages, are speculative and thus not recoverable.

40.     Any award of punitive or exemplary damages would violate the procedural and/or substantive due process safeguards provided under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or the Constitution of the State of Colorado and/or various federal and state statutes and regulations.

41.     Without admitting that exemplary or punitive damages are available, the Complaint fails to allege facts sufficient to support a claim for exemplary or punitive damages, including but not limited to the absence of fraud, malice, or willful and wanton conduct.

42.     The Court lacks subject matter jurisdiction over the state and common law claims once the claims brought pursuant to federal law are dismissed.

43.     Plaintiff is not the real party in interest and lacks standing to assert the claims alleged in the Complaint.

44.     Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

45.     The claims asserted in the Complaint are barred to the extent that they have been settled, compromised, released, or otherwise discharged.

NYA 755855.7

46.     Woodruff hereby adopts and incorporates by reference any and all other affirmative and/or additional defenses asserted or to be asserted by any other defendant in this proceeding.

47.     Woodruff reserves the right to allege additional defenses as they become known during discovery and other proceedings in this case, and to withdraw, amend, or modify his Answer accordingly. Woodruff further reserves the right to withdraw defenses that he determines are not applicable during the course of discovery and other proceedings in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Robert Woodruff prays that judgment enter in his favor and against Plaintiff, that Plaintiff takes nothing by its Complaint and that Defendant be awarded his damages, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and any other relief as this Court deems proper.

Dated:  October 3, 2006                                  Respectfully submitted,


\_\_/s/ David L. Cook \_\_\_\_\_
James Miller
David L. Cook
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 878-8000
Facsimile:   (212) 878-8375

***Attorneys for Defendant Robert Woodruff***

NYA 755855.7

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT ROBERT WOODRUFF'S ANSWER TO PLAINTIFF STICHTING PENSIOENFONDS ABP'S FIRST AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered counsel electronically.  I hereby also certify that on October 3, 2006, I caused to be served a true and exact copy of the foregoing by First Class Mail upon the following parties listed below:

Alfred P. Levitt
Jonathan D. Schiller
David R. Boyd
Kenneth F. Rossman IV
**Boies, Schiller & Flexner LLP**
49. 5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
**Counsel for Qwest Communications**
**International Inc.**
Fax: 202.237.6131
jschiller@bsfllp.com
dboyd@bsfllp.com
alevitt@bsfllp.com
krossman@bsfllp.com

Robert J. Dyer, III
Kip B. Shuman
Jeffrey A. Berens
Trig R. Smith
**Dyer & Shuman, LLP**
801 East 17th Avenue
Denver, CO 80218-1417
**Counsel for Plaintiff**
Fax: 303.830.6920
bob@dyershuman.com
kshuman@dyershuman.com
tsmith@dyershuman.com
jberens@dyershuman.com

William S. Lerach
Spencer A. Burkholz
Daniel S. Drosman
Thomas E. Egler
**Lerach, Coughlin, Stoia Geller Rudman &**
**Robbins LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101-4297
**Counsel for Plaintiff**
Fax: 619.231.7423
wsl@lerachlaw.com
spenceb@lerachlaw.com
dand@lerachlaw.com
tome@lerachlaw.com

Jason R. Llorens
**Lerach, Coughlin, Stoia & Robbins LLP**
9601 Wilshire Blvd
Suite 510
Los Angeles, CA 90210
**Counsel for Plaintiff**
Fax: 310.278.2148
jasonl@lerachlaw.com

Joe R. Whatley, Jr.
Whatley Drake, L.L.C.
50. Post Office Box 10647
Birmingham, AL 35202-0647
**Counsel for Plaintiff in ERISA matter**
Fax: 205.328.9669
jwhatley@whatleydrake.com

NYA 755855.7

Mark T. Drooks
Thomas V. Reichert
**Bird, Marella, Boxer & Wolpert, PC**
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
**Counsel for Defendant Robin Szeliga**
Fax: 310.201.2110
mtd@bmbwlaw.com
tvr@bmbwlaw.com

Frederick J. Baumann
James M. Lyons
Cindy C. Oliver
51. Cleo Rauchway
**Rothgerber Johnson & Lyons LLP**
1200 17th Street, Suite 3000
Denver, CO 80202-5855
**Counsel for Defendants Philip Anschutz, Linda Alvarado, Craig Barrett, Hank Brown, Thomas Donohue, Jordan Haines, Peter Hellman, Cannon Harvey, Vinod Khosla, Marilyn Carlson Nelson, Frank Popoff, Craig Slater and W. Thomas Stephens**
Fax: 303.623.9222
fbaumann@rothgerber.com
jlyons@rothgerber.com
coliver@rothgerber.com
crauchway@rothgerber.com

James Nesland
Paul Schwartz
Steven Sklaver
**Cooley Godward LLP**
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
**Counsel for Defendant Drake Tempest**
Fax: 720.566.4099
ssklaver@cooley.com

Robert N. Miller
Stephanie E. Dunn
**Perkins Coie, LLP**
1899 Wynkoop St., Ste. 700
Denver, CO 80202
**Counsel for Defendant James A. Smith**
Fax: 303.291.2400
rmiller@perkinscoie.com
sdunn@perkinscoie.com

Mark C. Hansen
Neil M. Gorsuch
Kevin B. Huff
David L. Schwarz
Rebecca A. Beynon
**Kellog, Huber, Hansen, Todd & Evans, P.L.L.C.**
Sumner Square
1615 M. Street NW, Suite 400
Washington, D.C. 20036-3209
**Counsel for Defendant Philip Anschutz & Craig Slater**
Fax: 202.326.7999
mhansen@khhte.com
ngorsuch@khhte.com
khuff@khhte.com
dschwarz@khhte.com
rbeynon@khhte.com

Bruce F. Black
Michael J. Hofman
Martin D. Litt
**Holme Roberts & Owen LLP**
1700 Lincoln Street, Suite 4100
Denver, CO 80203
**Counsel for Defendants Philip Anschutz and Craig Slater**
Fax: 303.866.0200
bruce.black@hro.com
michael.hofmann@hro.com
martin.litt@hro.com

NYA 755855.7

Scott B. Schreiber
John A. Freedman
Shelby Hunt
Kwame Clement
**Arnold & Porter**
555 Twelfth Street, NW
Washington, DC 20004-1206
**Counsel for Defendant Arthur Andersen
LLP**
Fax: 202.942.5999
Scott_Schreiber@aporter.com
John_Freedman@aporter.com
Shelby_Hunt@aporter.com
Kwame_Clement@aporter.com


Tim Atkeson
Joshua D. Franklin
**Arnold & Porter**
370 Seventeenth Street, Suite 4500
Denver, CO 80202
**Counsel for Defendant Arthur Andersen
LLP**
Fax: 303.832.0428
Tim_Atkeson@aporter.com
Joshua_Franklin@aporter.com

Scott M. Himes
Lara M. Shalov
**Stillman & Friedman, PC**
425 Park Avenue
New York, New York 10022
(212) 223-0200
**Counsel for Nacchio**


Neil Peck
James D. Kilroy
**Snell & Wilmer, LLP**
1200 17th Street
Suite 1950
Denver Colorado 80202
(303) 634-2005
**Counsel for Nacchio**


/s/ Damien A. Morris
Damien A.Morris

NYA 755855.7